<u>NOT RECOMMENDED FOR FULL-TEXT PUBLICATION</u>
File Name: 11a0444n.06

**No. 08-6546**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**

*Jul 01, 2011*

LEONARD GREEN, Clerk

UNITED STATES OF AMERICA,

    **Plaintiff-Appellee,**

v.

THEODORE WRIGHT,

    **Defendant-Appellant.**

_____ /

ON APPEAL FROM THE UNITED
STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE

BEFORE:    KEITH, CLAY, and COOK, Circuit Judges.

    **CLAY, Circuit Judge.**  Defendant Theodore Wright appeals his 188-month sentence for

conspiracy to distribute cocaine hydrochloride and cocaine base, in violation of 21 U.S.C. §§

841(a)(1), 841 (b)(1)(C), and 846. Defendant argues that the district court considered impermissible

sentencing factors, and that its application of the career offender enhancement, United States

Sentencing Guideline § 4B1.1, overrepresented the seriousness of his criminal history.

    For the reasons set forth herein, we **VACATE** the sentence imposed by the district court and

**REMAND** the case for resentencing.

**BACKGROUND**

    In 2006, police officials in Hamilton County, Tennessee, began investigating a crack and

cocaine trafficking operation located in or near Chattanooga, Tennessee. As a result of the

investigation, on May, 13, 2008, Defendant Theodore Wright was indicted on one count of conspiracy to distribute cocaine hydrochloride and cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), 841 (b)(1)(C), and 846, stemming from his participation in the drug trafficking operation. On September 9, 2008, the government filed an information regarding sentencing enhancements, pursuant to 21 U.S.C. § 851(a), on the basis of Defendant's prior convictions for drug offenses. On September 15, 2008, Defendant pleaded guilty to the charge, pursuant to a written plea agreement.

According to Defendant's Presentence Investigation Report ("PSR"), Defendant had twenty-two adult criminal convictions, including several for aggravated and non-aggravated assault; possession of crack, marijuana and cocaine; and criminal trespass. (PSR ¶¶ 47-68.) In 1999, Defendant was convicted of possession of cocaine and aggravated assault, for which he was sentenced to eight and six years of incarceration, respectively.

In his PSR, Defendant's base offense level was set at 16, pursuant to United States Sentencing Guidelines ("U.S.S.G." or "Guidelines") § 2D1.1. Based on Defendant's 1999 felony convictions for a drug offense and a "crime of violence," his offense level was enhanced to 34 under the career offender Guideline, in accordance with U.S.S.G. § 4B1.1. Defendant received a three point reduction to his offense level for acceptance of responsibility, pursuant to U.S.S.G. §3E1.1, which yielded an adjusted total offense level of 31.

Defendant presented with nine criminal history points, which corresponded to a Criminal History Category IV. Defendant's Criminal History Category was enhanced to VI, pursuant to the career offender Guideline. Therefore, Defendant's advisory Guidelines sentencing range was 188 to 235 months of incarceration and six years of supervised release. Without the career offender

enhancement, Defendant's advisory sentencing range would have been 24 to 30 months of incarceration.

On December 15, 2008, the district court adopted the calculations in the PSR and sentenced Defendant to 188 months of incarceration. Defendant filed this timely appeal.

## ANALYSIS

This Court reviews a sentence imposed by the district court for abuse of discretion. *United States v. Graham*, 622 F.3d 445, 464 (6th Cir. 2010). The Court reviews for both procedural and substantive unreasonableness. *Gall v. United States*, 552 U.S. 38, 51 (2007).

This Court first ensures "that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." *Id.* at 51.

A sentence is substantively unreasonable when the district court "selects a sentence arbitrarily, bases the sentence on impermissible factors, fails to consider relevant sentencing factors, or gives an unreasonable amount of weight to any pertinent factor." *United States v. Baker*, 559 F.3d 443, 448 (6th Cir. 2009). A sentence is also substantively unreasonable when, after taking into account the totality of the circumstances, "the sentence is 'greater than necessary' to achieve the sentencing goals set forth in 18 U.S.C. § 3553(a)." *United States v. Tristan-Madrigal*, 601 F.3d 629, 633 (6th Cir. 2010); *see also United States v. Bolds*, 511 F.3d 568, 581 (6th Cir. 2007). Within-Guidelines sentences are afforded a rebuttable presumption of substantive reasonableness.

*Rita v. United States*, 551 U.S. 338, 347 (2007); *United States v. Vonner*, 516 F.3d 382, 389 (6th Cir. 2008) (en banc)

## I.     Career Offender Enhancement

While Defendant acknowledges that this Court lacks jurisdiction to review the denial of a motion for a downward departure, he argues that "a defendant may seek appellate review so as to determine whether his sentence is excessive based upon the totality of the district court's unreasonable analysis of the factors enumerated in 18 U.S.C. §3553(a)."[1]  (Def.'s Br. at 10 (citing *United States v. Williams*, 436 F.3d 706, 708 (6th Cir. 2006).)

Our procedural reasonableness inquiry begins with a review of Defendant's sentencing hearing.  The record reveals that, in imposing sentence, the district court first properly calculated Defendant's advisory Guidelines range.  *See* 18 U.S.C. § 3553(a)(4).  The district court then continued by considering other § 3553(a) factors, including the nature of the offense and the comparatively small quantity of drugs attributed to Defendant, (Sent. Tr. at 12); the need for the sentence imposed, in part to deter Defendant from continuing to commit crime, (*id.* at 15), and also to provide Defendant with drug treatment, (*id.*); and the need for restitution, (*id.* at 20-21).

---

[1]Defendant also directly challenges the district court's denial of his motion for a downward departure. This Court lacks jurisdiction to review a district court's refusal to grant a motion for a downward departure unless it is based on the contention that "the district court believed it lacked the authority to grant" the motion.  *United States v. Clark*, 385 F.3d 609, 622-23 (6th Cir. 2004). Defendant has not argued that the district court was unaware of its authority to depart downward from the career offender Guideline, and the record reflects that the district court was in fact aware of the scope of its authority.  (*See* Sent. Tr. at 8, 17 (acknowledging authority to depart from career offender Guideline).)

In direct response to Defendant's arguments for a lesser sentence than prescribed by the criminal offender enhancement, the district court stated:

> [T]here is just no question what is driving the sentence that the guidelines computes here is . . . Mr. Wright's criminal history . . . here are the circumstance, I mean, let's just look at it. It begins, his adult criminal convictions begin at Page 9 [of the PSR] and go all of the way to Page 16 . . . . I mean, that's a very extensive criminal history.

(*Id.* at 8.)

In respect to the procedure employed by the district court, there is no indication that the district court failed to consider any § 3553(a) factors, that it failed to thoroughly explain the basis of its sentence, or that it relied on erroneous facts. It is also clear that the district court reviewed the arguments presented in Defendant's Sentencing Memorandum and addressed those arguments during sentencing. (*Id*. at 3.) In doing so, the district court determined that a sentence at the low end of Defendant's Guidelines range was sufficient, but not greater than necessary, to address § 3553(a) considerations. (*Id*. at 18-19.)

Contrary to the position taken by the Defendant, his abundant criminal history reflects his status as a chronic, repeat offender. Although "Mr. Wright [has] received only four (4) additional misdemeanor convictions—two of which were traffic citations," since his release from custody in 2000 (Def.'s Br. at 15), this partial abatement in criminal activity does not mitigate the approximately 16 convictions that Defendant accumulated between 1985 and 1999. Nor, as outlined above, are Defendant's convictions for minor infractions; instead, they span the range from misdemeanors to serious felonies. In short, a review of Defendant criminal history does not lead to the conclusion that he is someone to whom the career offender enhancement is inappropriately applied, or that the district court abused its discretion in applying the enhancement.

The district court's decision to impose a within-Guidelines sentence, as calculated under the Criminal Offender enhancement, was also substantively reasonable. Although the application of the career offender enhancement dramatically increased the advisory Guidelines range applicable to Defendant, it did not place an unreasonable amount of weight on, or otherwise distort the importance of, Defendant's criminal history. Finally, even though the imposition of a sentence in accord with the career offender enhancement leads to a substantially longer sentence than would otherwise be applicable, "[t]he task of formulating a specific sentence is committed to the discretion of the district court. An appellate panel's belief that a particular sentence is too harsh or too lenient alone will not support a finding of substantive unreasonableness." *United States v. Eversole*, 487 F.3d 1024, 1035 (6th Cir. 2007). We therefore find that the sentenced imposed upon Defendant was substantively reasonable.

## II.     Consideration of Impermissible Factors

Defendant next argues that the district court abused its discretion when it considered uncharged or unreported crimes in which it believed Defendant may have been involved. Defendant "contend[s] that, neither 18 U.S.C. § 3553(a) nor the United States Sentencing Guidelines appear to allow a sentencing court to assume that the defendant had committed other crimes for which he had not been apprehended when determining an appropriate sentence." (Def.'s Br. at 16 (italics omitted).)

During sentencing, the district court stated:

What the career offender, what the three strikes laws are about are people that just can't learn, either will not or cannot learn from their prior experiences in the criminal justice system. It's about people who we punish at least twice, okay, and in the case it's been, what, 20 times, something like that, and then they just come back. And,

6

you know, finally, society and the criminal justice system just say, that's it. I mean, you know, this person is unable or unwilling to conform to society's laws.

There is another thing about the sentencing guidelines, let me say this, that we have this thing called proof beyond a reasonable doubt and so forth, but there is an assumption out there rightly or wrongly within the sentencing guidelines that most people who are convicted, you know, most people that are convicted do not get caught and punished every time they commit a crime. *Now, to some extent we can't take that into consideration*, but, you know, there is something to that, because it's the old experiment with a dog. If I, regardless of how rewarding it was, if I were caught and punished every time I did something, chances are I'd just quit doing that because it just wouldn't be worth it anymore, so *there is an assumption that we try to take that into consideration here*. And that's why Mr. Wright is facing the sort of sentence that he's facing today is he just, he keeps coming back to some court, and this time it's federal court, and usually that's pretty tough, you know. And so that's why.

(Sent. Tr. at 12-13 (emphasis added).)

Nothing in the record suggests that Defendant's actual criminal history was more extensive than indicated in his PSR. Nonetheless, the district court articulated as a basis for its decision to sentence Defendant to 188 months of incarceration, at least in part, the unfounded belief that Defendant had committed other unknown crimes for which he had not been arrested, charged, or convicted.

A district court's "consider[ation of] a factor that has no relation to the § 3553(a) factors" may constitute substantive unreasonableness. *United States v. Recla*, 560 F.3d 539, 544-45 (6th Cir. 2009). While § 3553(a) requires a sentencing court to consider the nature of the offense before it and the defendant's history, it does not permit the district court to speculate regarding potential crimes that the court has no factual basis for concluding were ever committed. *See Stewart v. Erwin*, 503 F.3d 488, 499 n.2 (6th Cir. 2007) (stating that "false information about additional victims and additional time periods during which [the defendant] engaged in criminal activity certainly would

7

appear to be material" in reference to whether "materially false information" was impermissibly relied upon during sentencing).

"When the sentencing court considers an impermissible factor in calculating a defendant's sentence, a reviewing court will vacate and remand for resentencing." *Recla*, 560 F.3d at 545. "[I]t does not matter that the district court relied on a number, even a large number, of relevant facts in its sentencing, if it also relied on facts that it could not properly consider." *United States v. Hunt*, 521 F.3d 636, 649 (6th Cir. 2008).

Because the government has declined to file a brief on appeal, it has failed to present any argument that it may have had that the district court's error was harmless.[2] Generally, "[t]o establish harmless error such that this Court lets stand a defendant's sentence in spite of errors at trial or sentencing below, the government must 'prove that none of the defendant's substantial rights [have] been affected by the error.'" *United States v. Johnson*, 467 F.3d 559, 564 (6th Cir. 2006) (quoting *United States v. Oliver*, 397 F.3d 369, 381 (6th Cir. 2005)). The government's burden under this analysis would be to demonstrate "with certainty that the error at sentencing did not cause[ ] the defendant to receive a more severe sentence." *Id.* (internal quotations omitted); *see also United States v. Keller*, 498 F.3d 316, 324-25 (6th Cir. 2007). Though the fact that the district court imposed the lowest available within-Guidelines sentence tends to indicate that Defendant did not receive a longer sentence than he otherwise would have, absent some showing or argumentation on

---

[2]The government declined to file an appellee brief in this matter, though it did send a letter to the Clerk of this Court "respectfully ask[ing] the Court to set a briefing schedule" on any meritorious issues that this Court might find after our independent review of the record. (Pl.'s Letter of 02/18/2011.) Needless to say, this Court is not required to respond to a party's request that the Court assist the party with its briefing by identifying "meritorious" issues.

the part of the government, this Court cannot be sure upon this record that consideration of the impermissible factor did not influence the district court's determination.

Finally, because the district court was explicit in its statement that it was taking its assumption that Defendant had committed many crimes for which he had not been punished into consideration in crafting its sentence, the case must be remanded to the district court for resentencing.

## CONCLUSION

While the district court did not abuse its discretion in imposing a 188-month sentence in accordance with the career offender enhancement to Defendant's advisory Guidelines range, the sentence that it imposed was substantively unreasonable because it considered impermissible factors in reaching its determination.

For these reason, we hereby **VACATE** Defendant's sentence and **REMAND** the case to the district court for resentencing.