NOT RECOMMENDED FOR PUBLICATION
File Name: 25a0575n.06

No. 24-1700

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
Dec 11, 2025
KELLY L. STEPHENS, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE |
| v. | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE WESTERN |
| JAMAR GOINS, | ) | DISTRICT OF MICHIGAN |
| Defendant-Appellant. | ) | OPINION |
| | ) | |

Before: BATCHELDER, GILMAN, and LARSEN, Circuit Judges.

LARSEN, Circuit Judge. Jamar Goins pleaded guilty to conspiring to distribute and to possess with the intent to distribute controlled substances. The district court sentenced him to 78 months' imprisonment and imposed a lifetime ban on his receipt of all federal benefits. Goins challenges the district court's consideration of unverified entries in his criminal-history chart and its finding that he is permanently ineligible for benefits. We REVERSE and REMAND for reconsideration of Goins' eligibility for federal benefits, but otherwise AFFIRM the sentence.

I.

Jamar Goins pleaded guilty to conspiring to distribute cocaine. The Presentence Report (PSR) calculated his base offense level at 27 points, after a three-point reduction for acceptance of responsibility. The PSR placed his criminal history in Category II based on a prior state conviction for delivering or manufacturing narcotics. The PSR also included ten additional convictions that were not eligible to contribute to his criminal-history scoring. One of these convictions was listed with a docket number, but court records for the other nine convictions were unavailable due to the

age of the cases. Instead, those cases had appeared in state presentence reports prepared in 2010 and 2013. Goins made no objection to the PSR before or during sentencing.

At sentencing, the court calculated Goins' Guidelines range to be 78–97 months' imprisonment with three years' supervised release. And, tracking the PSR, the court concluded that Goins was "permanently ineligible for all federal benefits" because he had been "convicted of a third or subsequent drug distribution offense." R. 466, Sentencing Tr., PageID 2031. In analyzing the 18 U.S.C. § 3553(a) factors, the district court discussed what it termed "mitigating" and "aggravating" factors. *Id.* at 2042. On the mitigation side, the district court noted housing and food instability in Goins' childhood, his part-time work since January 2024, his sobriety of nearly a year, and his compliance on pretrial bond. With respect to aggravators, the court thought it "pretty significant . . . to take a look back at where you've been." *Id.* at 2043. The court took account of some of the unverified offenses listed in the PSR: "you've got minor but repetitive issues with driving on a suspended license, no license, et cetera. I think that's pretty minor but it shows something that's correctable that's not happening to date or throughout the years." *Id.* The court also noted an unverified "domestic violence [conviction], and several prior drug related convictions." *Id.* The court then discussed at greater length what it found to "be the most concerning [convictions] . . . in the pre-sentence report at paragraphs 156 and 157." *Id.* These offenses were verified.

The court ultimately rejected the PSR's recommendation for an 84-month mid-range sentence. Though it did not "see enough here" to justify a downward variance in what was otherwise "a heartland case," the court "put [Goins] at the very bottom of [the] guidelines" range, imposing a 78-month sentence. *Id.* at 2044. The court asked if either party had any outstanding *Bostic* objections. Neither did. Goins timely appealed.

-2-

II.

Goins argues that his sentence was unreasonable because the district court improperly considered the unverified records of nine prior convictions. Reasonableness challenges come in two forms. A defendant may claim that a sentence is procedurally unreasonable by charging that the district court failed to "properly calculate the guidelines range, treat that range as advisory, consider the sentencing factors in 18 U.S.C. § 3553(a), refrain from considering impermissible factors, select the sentence based on facts that are not clearly erroneous, [or] adequately explain why it chose the sentence." *United States v. Rayyan*, 885 F.3d 436, 440 (6th Cir. 2018). Alternatively, a defendant may "claim that a sentence is substantively unreasonable" by charging "that a sentence is too long." *Id.* at 442.

Goins' challenge, which targets the consideration of potentially erroneous information, sounds in procedural reasonableness. *See United States v. Cabrera*, 811 F.3d 801, 808 (6th Cir. 2016); *United States v. Parrish*, 915 F.3d 1043, 1047 (6th Cir. 2019). Because he did not raise this challenge below, we use the plain-error standard of review. To demonstrate plain error, Goins must show a clear error by the lower court that affects his substantial rights. *United States v. Aaron*, 590 F.3d 405, 408 (6th Cir. 2009). Even then, we have discretion to "correct the error only if [it] seriously affected the fairness, integrity, or public reputation of the judicial proceedings." *Id.* (citation omitted).

Here, the district court considered several unverified prior convictions contained in the PSR, though the court deemed all of these "pretty minor." R. 466, Sentencing Tr., PageID 2043. That was not error. A court "may accept any undisputed portion of the presentence report as a finding of fact." *United States v. Small*, 988 F.3d 241, 257 (6th Cir. 2021) (quoting Fed. R. Crim. P. 32(i)(3)(A)). Goins did not deny the accuracy of the now-challenged records of conviction

before or during sentencing. Nor does he appear to deny their veracity on appeal, content merely to attack the probation officer's failure to verify the records. When a defendant fails to "contradict the facts set forth in the PSR, a district court is entitled to rely on those facts when sentencing the defendant." *United States v. Geerken*, 506 F.3d 461, 467 (6th Cir. 2007). It follows that the district court's sentence was without error, much less plain error affecting Goins' substantial rights.

Goins says that *United States v. Hatcher* compels a different result. 947 F.3d 383 (6th Cir. 2020). There, we held that a district court had plainly erred by relying on "[m]istaken [c]riminal [h]istory." *Id.* at 394–96. But *Hatcher*, and the cases discussed therein, concerned instances in which a district court speculated that a defendant must have been involved in uncharged criminal conduct. *See id.* at 395 (district court inferred defendant's involvement in shooting from the unsworn assertion that shell casing matched a gun later found on defendant, despite the government's acknowledgement that defendant's involvement was unknown); *United States v. Van*, 541 F. App'x 592, 594 (6th Cir. 2013) (district court inferred participation in "a greater 'scheme'" based on uncertainty about how the record facts explained defendant's use of an invalid social security number); *United States v. Blackman*, 625 F. App'x 231, 237 (6th Cir. 2015) (district court inferred use of firearm in a drug-trafficking conspiracy based on a photo of defendant with firearm on another occasion hundreds of miles away); *cf. United States v. Wright*, 426 F. App'x 412, 416 (6th Cir. 2011) (district court speculated that defendant must have committed other offenses before being caught). Other cases in this vein concern instances in which a district court appears to have simply misread a presentence report. *See, e.g.*, *United States v. Mooningham*, 762 F. App'x 313, 315 (6th Cir. 2019) (district court inexplicably invoked nonexistent firearm conviction). Goins has not cited any case, and we are aware of none, holding that reliance on a

PSR's unchallenged report of prior convictions constitutes error merely because those records are unverified.

The district court's sentence was procedurally reasonable.

III.

Goins also challenges the district court's imposition of a lifetime ban on the receipt of federal benefits. Goins did not preserve this challenge either, so we review it under the plain-error standard. *See United States v. Vonner*, 516 F.3d 382, 385–86 (6th Cir. 2008).

Federal law provides that "upon the third or subsequent conviction for" "any Federal or State offense consisting of the distribution of controlled substances," an individual "shall . . . be permanently ineligible for all Federal benefits." 21 U.S.C. § 862(a)(1)(C). This court has held that "conspiring to distribute or possessing with intent to distribute is not the equivalent of actual distribution." *United States v. Gardner*, 32 F.4th 504, 533 (6th Cir. 2022). Accordingly, such a "drug conspiracy conviction falls outside of § 862(a)'s reach and cannot serve as the predicate for a lifetime ban on federal benefits." *Id.* Here, that means that Goins' instant conviction is not the crucial third strike that triggers § 862(a)(1)(C). On this point, the parties agree and urge a limited remand.

The parties disagree on what that limited remand ought to look like. The United States argues that § 862(b)'s neighboring ineligibility condition for offenses "involving the possession of a controlled substance" nonetheless applies and so urges a remand with instructions to determine "whether to impose some or all of the penalties or conditions contemplated under § 863(b)(1)(A)– (B)." Appellee Br. at 27. Goins disagrees with such a "directed" remand, instead requesting an unadorned, yet limited, remand that would leave it to the district court to determine its next step "in the first instance." Reply Br. at 1. Additionally, Goins asks this court to restrict the government

to "resentencing on the existing record." *United States v. Mukes*, 980 F.3d 526, 540 (6th Cir. 2020). But the *record* is not the problem for Goins here. The record already contains the evidence necessary to apply § 862(b), *i.e.*, the two verified convictions in Goins' criminal history. If Goins meant instead that the United States is not entitled to make a new *argument*, seeking a benefits ban under another provision of federal law, he has not adequately briefed that issue for our decision. We will follow *Gardner* in refusing to micromanage the remand proceedings and in leaving the application of § 862(b) to the district court's discretion. *See* 32 F.4th at 534 n.4. The district court may decide the issue—and decide whether to decide the issue—in the first instance.

\* \* \*

We REVERSE the imposition of lifetime ineligibility for federal benefits and REMAND for reconsideration of that issue, and otherwise AFFIRM the judgment below.