NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 11a0120n.06

No. 09-6407

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
**Feb 22, 2011**
LEONARD GREEN, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | ON APPEAL FROM THE |
| *Plaintiff-Appellee*, | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE MIDDLE |
| v. | ) | DISTRICT OF TENNESSEE |
| | ) | |
| SAM L. HOWELL, | ) | **O P I N I O N** |
| | ) | |
| *Defendant-Appellant*. | ) | |

BEFORE:    MOORE, COLE, and ROGERS, Circuit Judges.

**COLE, Circuit Judge**.   Sam L. Howell pleaded guilty to transporting, receiving, and possessing child pornography in violation of 18 U.S.C. §§ 2252A(a)(1), (2) & (5), respectively.  The district court sentenced Howell to 135 months' imprisonment, seventy-five months below the bottom of the 210-262 month term recommended by the presentence investigation report ("PSR").  On appeal, Howell argues that his sentence is invalid for being unreasonably long and because the district court did not decide whether or to what extent Howell withdrew from the charged criminal activity prior to his arrest; a potentially mitigating act about which Howell testified at sentencing. *See* Fed. R. Crim. P. 32(i)(3)(B) (requiring ruling on any controverted sentencing matter or a determination that resolving the dispute is unnecessary).  We agree that the district court did not comply with the strictures of Rule 32(i)(3)(B) and therefore **VACATE** the sentence and **REMAND** for resentencing.

**I.**

Howell contends his below-guidelines, 135-month sentence should be vacated because it was issued in violation Rule 32(i)(3)(B) of the Federal Rules of Criminal Procedure, which provides that the district court

> must—for any disputed portion of the presentence report or other controverted matter—rule on the dispute or determine that a ruling is unnecessary either because the matter will not affect sentencing, or because the court will not consider the matter in sentencing.

Fed. R. Crim. P. 32(i)(3)(B). The rule must be followed to the letter. *See United States v. White*, 492 F.3d 380, 415 (6th Cir. 2007) (requiring strict adherence to Rule 32 "for a variety of reasons such as enhancing the accuracy of the sentence and the clarity of the record" (quoting *United States v. Treadway*, 328 F.3d 878, 886 (6th Cir. 2003))). "[T]he district court must affirmatively rule on a controverted matter where it could potentially impact the defendant's sentence." *United States v. Tackett*, 113 F.3d 603, 614 (6th Cir. 1997). Should the district court fail to comply "we must remand for resentencing." *Id*.

At sentencing, Howell argued that he should be granted a non-guidelines sentence under 18 U.S.C. § 3553(a) because he withdrew from the charged criminal activity of his own accord a year before his arrest, unlike most offenders who cease criminal behavior only when caught. Like the defendant in *Gall v. United States*, 552 U.S. 38 (2007), Howell sought to use evidence of voluntary withdrawal to show that he recognized that his conduct was improper and his "turnaround . . . genuine, as distinct from a transparent attempt to build a mitigation case." *Id*. at 57. In support, Howell testified that he had attempted to delete all of the pornographic images from his computer

a year prior to his arrest and had not looked at any child pornography since. (*See* Sentencing Tr., Dist. Ct. Docket No. 50, at 28-30.) The government countered by pointing out that nine of the 1,136 images that Howell had downloaded were never deleted and, according to forensic analysis, were last accessed on May 15, 2006, nine days prior to his arrest. On cross-examination, Howell denied knowing about or viewing the remaining nine images and, when pressed to explain the recent access of the undeleted files, Howell said he did not know why they were accessed—or even why they were still on the computer—and suggested that a virus that had infected his computer could be responsible. (*See id*. at 34-35.) For its part, the district court noted the persistence of these nine images in a colloquy with defense counsel:

> [Defense Counsel]: In my memorandum I cited, I think it was [*Gall*], here was a gentleman who was involved in a conspiracy but voluntarily withdrew from the conspiracy when nobody else in the conspiracy did. And the Court of Appeals gave great weight to the fact that Mr. [Gall] separated himself and ceased in the criminal activity.
>
> [The District Court]: Yeah, but the level of activity in Stall[1] was significantly different.
>
> [Defense Counsel]: Yes, sir.
>
> [The District Court]: Stall's guideline range was 57 to 71 16 months.
>
> [Defense Counsel]: All I'm trying to do is argue by analogy, sir, to suggest that --
>
> [The District Court]: And I'm not so sure that he—I'm not sure you carried your proof on—that he just withdrew from his activity. I mean, the last entry on the computer is on May 15, 2006, which is nine days before the agent came to his house.

---

[1] It appears that the district court may have mistaken *Gall* for *United States v. Stall*, 581 F.3d 276 (6th Cir. 2009), another case Howell cited in favor of a downward variance. (*See* Def's Sentencing Mem., Dist. Ct. Docket No. 34, at 8.)

> [Defense Counsel]: Yes, sir. And that was -- and may I respectfully point out that . . . was nine days before, with nine images.
>
> [The District Court]: Those were saved as well on the computer, according to the exhibits.
>
> [Defense Counsel]: We can't dispute that and don't dispute that, sir. But it was nine images and not 1,056 images.
>
> [The District Court]: But your point was withdrawal. And those facts tend to be inconsistent with withdrawal.

(*Id*. at 46-47.) In this exchange the district court pointed to some evidence cutting against Howell's testimony that he had not viewed any child pornography on his computer in the year prior to his arrest. But it never resolved, as Rule 32(i)(3)(B) requires, the controverted issue of whether, when or to what extent Howell ceased deliberately to possess or view images of child pornography. *See* Fed. R. Crim. P. 32(i)(3)(B). Nor did the district court find, as the rule also permits, that it need not resolve the issue for being irrelevant to the sentence or simply because the court would not consider the argument or evidence in formulating the sentence. *See id*.

The government reads this colloquy definitively to resolve the disputed issue, though we do not see how it does. (*See* Gov't's Br. 15.) *Noting* that some forensic evidence seems to contradict Howell's testimony is materially—and here, crucially—different than *ruling* that the forensic evidence presented by the government should be credited over Howell's word. And even if we were to interpret the transcript in the way the government suggests, we would still be left with unanswered questions: Did the court believe that Howell stopped viewing all but the nine remaining images a year prior to his arrest? (The forensic evidence indicates that 1,127 of the images were deleted, but has nothing to say about when.) Or, in implicitly crediting the forensic evidence over Howell's

testimony, did the district court find Howell's testimony incredible in all respects?  We do not know

the answer to these questions because the district court did not rule on the "controverted matter" that

Howell raised at sentencing.  *See* Fed. R. Crim. P. 32(i)(3)(B).

As a backstop to remand the government would have us find the district court's error

harmless.  To prevail the government must show "that none of the defendant's substantial rights has

been affected by the error."  *United States v. Lanesky*, 494 F.3d 558, 561 (6th Cir. 2007) (citing

*United States v. Johnson*, 467 F.3d 559, 564 (6th Cir. 2006)).  We must know "*with certainty* that

the error at sentencing did not cause the defendant to receive a more severe sentence" in order to

bless the sentence despite it.  *Id.* (quoting *Johnson*, 467 F.3d at 564).  The government locates the

requisite assurance in the sentencing transcript, where the district court said that its "disposition

would be to give a guideline sentence for this case . . . [b]ut under [§ 3553(a)(6)], the court is

required to consider any disparity in sentencing."  (*See* Sentencing Tr., Dist. Ct. Docket No. 50, at

48.)  From this the government urges that sentencing disparity was the sole reason for the district

court's variance.  Thus even were the disputed issue resolved in Howell's favor, the argument goes,

it would not have affected his sentence.  But the government neglects to mention that the district

court said that it considered, as it must, *all* the 3553(a) factors in determining Howell's sentence.

(*See id*. ("The court obviously does more than consider [disparities in] sentences but — I have

considered all the circumstances in this case.").)  That the district court found avoiding sentence

disparity "the most significant influence," (*id.*), on Howell's sentence does not mean that resolution

of when or whether Howell stopped viewing child pornography—one of the salient "characteristics

of the defendant" under § 3553(a)(1)—would assuredly have had no impact on it.  An error bearing

on such a core sentencing consideration is not harmless because it "could potentially impact" Howell's sentence by counseling a lower one. *Tackett*, 113 F.3d at 614.

The precedents the government cites in passing are off the mark. In *United States v. Carter*, 374 F.3d 399, 408-10 (6th Cir. 2004), we found the Rule 32 error harmless because both of the defendant's unresolved objections failed as a matter of law, unlike here where the error casts some doubt on the district court's sentencing calculus. And *United States v. Roberge*, 565 F.3d 1005, 1011 (6th Cir. 2009), involved an entirely inapposite violation of Rule 32. There, the district court sentenced Roberge even though the probation office ran afoul of the rule by providing him with the PSR less than thirty-five days before sentencing and commenting on his objections to the PSR less than seven days prior to sentencing. *Id*. at 1012. We found these errors harmless because the testimony Roberge would have provided had he been granted the requisite time duplicated evidence already before the district court. *Id*.

Because we vacate Howell's sentence, we need not decide whether it was substantively reasonable.

## III.

Accordingly, we **VACATE** the sentence and **REMAND** for resentencing.