NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 11a0791n.06

No. 08-5487

FILED

*Nov 28, 2011*

LEONARD GREEN, Clerk

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | ON APPEAL FROM THE |
| *Plaintiff-Appellee*, | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE EASTERN |
| v. | ) | DISTRICT OF KENTUCKY |
| | ) | |
| PEGGY L. VANHOOSE | ) | O P I N I O N |
| | ) | |
| *Defendant-Appellant.* | ) | |

BEFORE:     DAUGHTREY, COLE, and ROGERS, Circuit Judges.

COLE, Circuit Judge.  Peggy Vanhoose appeals her sentence imposed following a jury trial for three counts of theft from a program receiving federal funds.  She argues that the district court failed to comply with Federal Rule of Criminal Procedure 32(i)(3) because it summarily adopted the factual findings of the presentence report and, in doing so, erred in calculating the amount of loss. Because the district court did not fully comply with Rule 32, and because we cannot conclusively determine that any error was harmless, we VACATE Vanhoose's sentence and REMAND for resentencing.

I.  BACKGROUND

Vanhoose, along with co-defendant Shelby Coleman, worked for the Johnson County Board of Education.  From 1993 to 2005, Vanhoose served as its finance director, overseeing the Board's budget and finances.  When the new superintendent, Stephen Trimble, sought to get a grasp on the

Board's finances, he requested salary and personnel records from Vanhoose. After comparing the records to those of the Kentucky Department of Education, Trimble realized that Vanhoose received both a salary and retirement pay, and that she earned far more than the Board's records reflected.

On April 19, 2007, a federal grand jury indicted Vanhoose on four counts of stealing federal funds in violation of 18 U.S.C. § 666(a)(l)(A). Vanhoose was jointly indicted with her former coworker, Coleman, on counts one and two. On July 3, 2007, the district court granted the defendants' motion to sever. Vanhoose pleaded not guilty, and after a five day jury trial, a jury convicted her on three of the four counts.

The presentence report (PSR) assessed the applicable loss amount at $468,916.62, resulting in an offense level increase of fourteen points. Vanhoose lodged a number of objections to the PSR, including challenges to the sufficiency of the evidence underlying the sentence, the application of various aggravating and mitigating factors, and the calculations in the PSR. The district court overruled these objections, and, adopting the PSR's recommendation, sentenced Vanhoose to 63 months in prison, supervised release for a period of three years, and restitution in the amount of $465,384.12. This appeal followed.

## II. ANALYSIS

Vanhoose first contends that the district court failed to comply with Rule 32(i)(3) of the Federal Rules of Criminal Procedure because it summarily adopted the factual findings of the PSR as the basis for its determination on the amount of loss. Rule 32(i)(3) requires that at sentencing, the district court "must--for any disputed portion of the presentence report or other controverted matter-- rule on the dispute or determine that a ruling is unnecessary . . . and must append a copy of the

court's determinations [to the PSR] . . . ." Fed. R. Crim. P. 32(i)(3)(B-C). This rule must be followed to the letter. *See United States v. Howell*, 412 F. App'x. 794, 795 (6th Cir. 2011) (citing *United States v. White*, 492 F.3d 380, 415 (6th Cir. 2007)).

As a threshold matter, we must first determine whether Vanhoose triggered Rule 32. At sentencing, a district court is required to engage in independent fact-finding only when the defendant actively disputes a PSR recommendation. *United States v. Hurst*, 228 F.3d 751, 760 (6th Cir. 2000). During the hearing, Vanhoose's attorney stated "a lot of the objections go to the fact that [the probation officer] went beyond, I feel, the scope of preparing this report . . . ." He later specifically requested an evidentiary hearing to determine the amount of loss for the guidelines calculation and contested the calculation of the retirement benefits that Vanhoose allegedly misappropriated. These statements show that the district court was put on notice that Vanhoose contested the calculations used in the PSR, and that Rule 32's requirements were triggered.

We have reiterated that the rule's purpose is "to ensure that sentencing is based on reliable facts found by the court itself after deliberation, and thus, the district court cannot summarily adopt the factual findings in the [PSR] or simply declare that the facts are supported by a preponderance of the evidence." *United States v. Nelson*, 356 F.3d 719, 722 (6th Cir. 2004) (internal quotation marks and citations omitted). "The law in this circuit clearly prohibits a court faced with a dispute over sentencing factors from adopting the factual findings of the [PSR] without making factual determinations of its own." *United States v. Monus*, 128 F.3d 376, 396 (6th Cir. 1997). When challenged, the sentencing court must "explain how it calculated the amount of loss or respond to

the defendant's specific factual objections to the methods of calculation included in the [PSR]." *Id.* at 397.

In this case, the PSR indicated that the probation officer who authored the report had "independently determined the . . . losses as to the instant offense," relying on "case reports," school board records and reports, and a "conferr[al] with the FBI case agent." In response to Vanhoose's specific factual objections, the district court stated:

> I respect your right to have some disagreement with some of those facts that had been presented in the presentence report, but I've read it very, very carefully. I've spent a lot of time with these reports, and I do not find that they're not fairly based on investigatory records. They're drawing from a number of different sources.

In an otherwise lengthy and thorough sentencing, this statement was the extent of the district court's discussion on the calculation methods used in the PSR.

A district court's pronouncement that it reviewed the PSR and is persuaded by its analysis is not enough to comport with the rule's requirements. "Reliance on the PSR is insufficient when the facts are in dispute. Rather, the district court must *actually find facts*, and it must do so by a preponderance of the evidence." *White*, 492 F.3d at 416 (internal quotation marks and citations omitted) (emphasis in original). In *Monus*, this Court held that the district court had failed to uphold its burden under the rule when it made a finding of fact as to the amount of loss, but failed to calculate the loss itself, relying instead on the PSR's findings alone. 128 F.3d at 396-97. Here, the government argues that the district court "carefully considered the methodology" used in the PSR's calculations, and that "careful consideration" is all that this Court requires, citing *United States v. Jackson*, 25 F.3d 327, 330 (6th Cir. 1994), to support this proposition. But, *Jackson* is not helpful

in this case, because the objection there was based generally on the sufficiency of the evidence underlying the sentencing enhancement, not on whether the district court erred in summarily adopting the PSR and thereby violating Rule 32. Indeed, there is no mention of Rule 32 in *Jackson*.

The district court erred when it adopted the PSR's loss calculations "without making factual determinations of its own." *Monus*, 128 F.3d at 396. Moreover, the district court should have explained its calculation methods, *see Nelson*, 356 F.3d at 722–23, given that there was little in the PSR on which the district court could have relied in making its own findings.

The government argues that Vanhoose's reliance on *Nelson* is misplaced, because the defendant in *Nelson* provided alternative methods of calculating loss, whereas Vanhoose merely lodged general factual objections. While true, this is a distinction without a difference. In *Nelson*, we stated that compliance with Rule 32 is necessary "when sentencing issues are contested by the parties." 356 F.3d 719, 722. We did not say that compliance is necessary only when an alternative calculation scheme is submitted to the district court, nor does the government point to any case in which that distinction is recognized as material.

Without adequate findings, the district court leaves this Court with an incomplete record, frustrating Rule 32's purpose of helping to create a clear record for appellate review. *See United States v. Tackett*, 113 F.3d 603, 614 (6th Cir. 1997) ("This strict requirement . . . provides a clear record for appellate courts, prison officials, and administrative agencies who may later be involved in the case."). "If a district court fails to make a factual finding, this court must remand for resentencing." *United States v. Edgecomb*, 910 F.2d 1309, 1313 (6th Cir. 1990).

Moreover, we cannot conclusively say that the error in this case was harmless. The PSR recommended a 14-level increase because the loss sustained totaled $468,912.62. But, if the loss were $400,000 or less, there would be only a 12-level increase. U.S.S.G. § 2B1.1(b)(1)(G). This situation is distinct from that in *Parrott*, because there is no evidence that Vanhoose has separately conceded that the amount of loss mirrors what was calculated in the PSR.

Vacating Vanhoose's sentence does not mean that the calculations in the PSR should be overlooked, only that the district court must engage in independent fact-finding in order to support a valid sentence. Moreover, all that is necessary is a "reasonable estimate of the loss." *White*, 492 F.3d at 416. At that point, were Vanhoose to challenge the sentence imposed by the district court, she would bear a "heavy burden of persuading this Court that the evaluation of the loss was not only inaccurate, but was outside the realm of permissible computations." *Jackson*, 25 F.3d at 330.

We find no merit to Vanhoose's other claims. Vanhoose argues that the district court erred in enhancing her sentence for obstruction of justice, but the record shows that the district court "pointed to specific examples" of false statements Vanhoose made in her trial testimony. *United States v. Maliszewski*, 161 F.3d 992, 1030 (6th Cir. 1998). They included a number of instances of false testimony by Vanhoose, mostly surrounding her son's employment status with the Board of Education. Vanhoose fails to provide any argument as to why a finding that those statements obstruct justice is clearly erroneous. Rather, all of her argumentation is on a separate piece of evidence—a letter by the former Board superintendent—on which the district court did not ultimately rest its decision. In fact, the district court specifically readdressed this issue and articulated additional reasons for finding that Vanhoose obstructed justice when it stated, "I think

I need to create a more complete record . . . as it relates to Ms. Vanhoose . . . as it relates to the obstruction of justice enhancement." We therefore find no clear error in the district court's factual determinations.

Vanhoose further contends that she was entitled to credit for acceptance of responsibility under U.S.S.G. § 3E1.1. A district court's finding on the issue of acceptance of responsibility is entitled to deference and will be reversed only if clearly erroneous. *United States v. Edwards*, 272 F.3d 812, 815 (6th Cir. 2001). To be eligible for an acceptance of responsibility credit, a defendant must accept responsibility as to all counts charged. *United States v. Chavis*, 296 F.3d 450, 465 (6th Cir. 2002). The district court denied the two-point credit authorized by U.S.S.G. § 3E1.1 because Vanhoose perjured herself and hence, implicitly, did not accept responsibility as to all counts. Because there was no clear error as to the obstruction of justice enhancement, the district court did not err in denying Vanhoose credit for acceptance of responsibility.

Finally, Vanhoose argues in the alternative that she received ineffective assistance of counsel at sentencing. Because our decision requires a remand for resentencing, we need not address this claim and decline to do so. We note, however, that claims of ineffective assistance of counsel are more appropriately raised in post-conviction collateral proceedings. *See, e.g., United States v. Bradley*, 400 F.3d 459, 461–62 (6th Cir. 2005).

## III. CONCLUSION

For the foregoing reasons, we VACATE the district court's sentence and REMAND for resentencing consistent with this opinion.