**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 13a0122n.06

No. 11-6507

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**

**Feb 01, 2013**

DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| **Plaintiff-Appellee,** | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| v. | ) | COURT FOR THE MIDDLE |
| | ) | DISTRICT OF TENNESSEE |
| SAM L. HOWELL, | ) | |
| | ) | |
| **Defendant-Appellant.** | ) | **O P I N I O N** |
| | ) | |

**Before:  MOORE and COLE, Circuit Judges, and ROSE, District Judge.** [*]

**KAREN NELSON MOORE, Circuit Judge.**  Defendant-appellant, Sam L. Howell, was sentenced to 135 months of imprisonment for convictions related to his possession of child pornography.  In his first appeal, Howell argued that the district court erred by failing to rule on a controverted sentencing matter as required by Federal Rule of Criminal Procedure 32(i)(3)(B).  We agreed with Howell and remanded the case so that the district court could determine "whether, when or to what extent Howell ceased deliberately to possess or view images of child pornography." *United States v. Howell*, 412 F. App'x 794, 796 (6th Cir. 2011).

In his current appeal, Howell argues (1) that the district court again failed to make independent findings of fact on the same controverted matter and (2) that his sentence is procedurally unreasonable because the district court did not adequately consider his arguments regarding his post-

---

[*]The Honorable Thomas M. Rose, United States District Judge for the Southern District of Ohio, sitting by designation.

sentencing rehabilitation and withdrawal. The district court did, however, make independent findings on the controverted issue of Howell's possession of child pornography and consider his rehabilitation and withdrawal. Therefore, we **AFFIRM** the sentence imposed by the district court.

## I.

Howell argues that the district court did not comply with this court's directive to rule on the controverted issue of "whether, when or to what extent Howell ceased deliberately to possess or view images of child pornography." *United States v. Howell*, 412 F. App'x 794, 796 (6th Cir. 2011). Therefore, according to Howell, the district court could not have considered as a mitigating factor that he voluntarily terminated his use and possession of child pornography prior to his arrest. Howell states, and the government agrees, that on March 5, 2006 he deleted over one-thousand images of child pornography from his computer. When agents arrested Howell on May 26, 2006, only nine images of child pornography remained on his computer. The last "access date" of those nine images was May 15, 2006.

At his second sentencing hearing, Howell stated that the most likely source of the nine photos was from a person he was chatting with online. According to his testimony, someone sent him image files through the chat program, which he accepted and then downloaded. He asserts that he did not, however, look at those images before or after they were downloaded. He explained that the last "access date" of the nine images at issue was not reflective of viewing the images themselves; instead, the "access date" correlated to the date on which he checked each file's properties to see the size of the file and perhaps to move the file. The government's expert agreed that it was theoretically

2

possible that the last "access date" correlated to viewing the properties of an image and not viewing the image itself.

> After hearing testimony, the district court concluded:

> [T]he proof at this hearing that the defendant relies upon is the ambiguity in the term "access".

> There are a number of options available to a person who uses a computer when the person accesses the file. But the defense's own expert said that the most likely event . . . is that they open the file and look at it.

> In addition, although he abandoned—although he destroyed 1,000 files, according to the defense's own expert, he was still receiving . . . these files in April and May. . . .

> [T]he Court recognizes that he destroyed about 1,000 photographs in March of 2006. Yet he continued to receive, and indeed, by the testimony of the defense expert, likely looked at child pornography in April and May 2006. To whatever extent that he abandoned these activities by the destruction of the documents, the Court reflects that the departure down from a guideline range of 210 to 262 gives more than reasonable consideration of that conduct.

R. 74 (Sentencing Hr'g Tr. at 49–50) (Page ID #338–39).

We review de novo a sentencing court's compliance with Federal Rule of Criminal Procedure 32(i). *United States v. White*, 492 F.3d 380, 414 (6th Cir. 2007). Rule 32(i)(3)(B) explains that "[a]t sentencing, the court . . . must—for any disputed portion of the presentence report or other controverted matter—rule on the dispute or determine that a ruling is unnecessary either because the matter will not affect sentencing, or because the court will not consider the matter in sentencing." We require "literal compliance" with Rule 32 because of its importance in "ensur[ing] that defendants are sentenced on the basis of accurate information and provid[ing] a clear record for

3

appellate courts, prison officials, and administrative agencies who may later be involved in the case." *United States v. Tackett*, 113 F.3d 603, 613–14 (6th Cir. 1997) (citing *United States v. Fry*, 831 F.2d 664, 667 (6th Cir. 1987)). Therefore, under Rule 32(i)(3)(B), the sentencing "court may not merely summarily adopt the factual findings in the presentence report or simply declare that the facts are supported by a preponderance of the evidence"; "[r]ather, [it] *must actually find facts*, and it must do so by a preponderance of the evidence." *White*, 492 F.3d at 415–16 (internal quotation marks and citations omitted).

In the case at hand, the district court was instructed to rule on the controverted issue of "whether, when or to what extent Howell ceased deliberately to possess or view images of child pornography." *United States v. Howell*, 412 F. App'x at 796. After hearing testimony, the district court stated that Howell "likely looked at child pornography in April and May 2006." R. 74 (Sentencing Hr'g Tr. at 50) (Page ID #339). When the district court used the term "likely," it met the preponderance standard because a preponderance of the evidence simply means that a fact is more likely than not true. *See United States v. Moses*, 289 F.3d 847, 852 (6th Cir. 2002). Therefore, the district court did make an independent finding that Howell "looked at child pornography in April and May 2006," which was the controverted issue.

## II.

The thrust of Howell's second claim is that his sentence is procedurally unreasonable because the district court failed to consider his post-sentencing rehabilitation, and to the extent that the district court did consider the argument, it misunderstood the facts.

We review a district-court sentencing determination for procedural reasonableness under a deferential abuse-of-discretion standard. *Gall v. United States*, 552 U.S. 38, 51 (2007). When reviewing the procedural reasonableness of a sentence we must "ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence—including an explanation for any deviation from the Guidelines range." *Id*. "The sentencing judge should set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority." *Rita v. United States*, 551 U.S. 338, 356 (2007). However, "[t]he appropriateness of brevity or length, conciseness or detail, when to write, what to say, depends upon circumstances." *Id*.

In addressing Howell's withdrawal and rehabilitation arguments, the district court stated:

> [A]ccording to this Exhibit 2, [Howell] has been seeing a doctor of psychology who was a staff psychologist, and there is a set program for him. And in one occasion after his appeal he decided that he wanted to suspend that. There are a number of pages of documents here relating to the medical history that I'm uncertain as to the probative value of it. . . .
>
> [W]hatever the contention was about disavowing the activity, disavowing the activity and continuation of his cited activities and efforts at rehabilitation, the Court continues to believe that a sentence of 135 months is an appropriate sentence. Even considering these additional facts that have been cited by the defendant in this case, as a de novo sentencing, I revisited the issue, that the guideline range in this case was 210 to 262. And considering the matter de novo, I still believe that a sentence of 135 months is a reasonable and appropriate sentence for this particular defendant and it is no greater than necessary.

R. 74 (Sentencing Hr'g Tr. at 48–49) (Page ID #337–38).

The straightforwardness of Howell's arguments and the fact that the record reflects that the district judge considered Howell's evidence—testimony and prison/medical records—support the conclusion that Howell's sentence is not procedurally unreasonable. Although the district court could have elaborated further on why Howell's post-sentencing rehabilitative efforts do not warrant a larger downward variance, the record shows that the sentencing judge considered the evidence before concluding that Howell's below-Guidelines sentence of 135 months continued to be reasonable and appropriate.[1] Howell's contention that the district court misunderstood the situation when it stated that Howell "wanted to suspend" his treatment program is not supported by the record. Although it is true that there were factors contributing to his decision to suspend treatment, the failure of the district court to reference those factors does not necessitate concluding that the district court misunderstood the situation because the district court's statement alone is in fact true.[2] Howell's sentence of 135 months of imprisonment is procedurally reasonable.

## III.

For the reasons set forth in this opinion, we **AFFIRM** the sentence imposed by the district court.

---

[1]The Supreme Court has made it clear that "when a defendant's sentence has been set aside on appeal, a district court at resentencing may consider evidence of the defendant's postsentencing rehabilitation and that such evidence may, in appropriate cases, support a downward variance from the now-advisory Federal Sentencing Guidelines range." *Pepper v. United States*, — U.S. —, 131 S. Ct. 1229, 1236 (2011).

[2]Howell stated to his doctor that "he was not interested in beginning [therapy] again at this time due to his upcoming transfer for court." App. at 37 (Prison Record).