[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-10267
Non-Argument Calendar
_____

D.C. Docket No. 8:15-cr-00295-JSM-TBM-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LATASHIA GREEN,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(November 21, 2016)

Before JULIE CARNES, JILL PRYOR, and EDMONDSON, Circuit Judges.

PER CURIAM:

Latashia Green appeals the restitution portion of her sentence imposed after pleading guilty to one count of theft of government funds, in violation of 18 U.S.C. §§ 641 and 2. The amount of the restitution is the only question. On appeal, Green argues that she was entitled to an offset on her restitution order for government benefits she would have received in the absence of the illegal conduct.

"We review *de novo* the legality of an order of restitution, but review for abuse of discretion the determination of the restitution value of lost or destroyed property." *United States v. Valladares*, 544 F.3d 1257, 1269 (11th Cir. 2008). "We review for clear error factual findings underlying a restitution order." *Id.* To be clearly erroneous, the finding of the district court must leave us with a "definite and firm conviction that a mistake has been committed." *United States v. Rothenberg*, 610 F.3d 621, 624 (11th Cir. 2010).

The Mandatory Victim's Restitution Act (MVRA) requires the district court to order restitution "in the full amount of each victim's losses as determined by the court." 18 U.S.C. § 3664(f)(1)(A). "A restitution award must be based on the amount of the loss *actually* caused by the defendant's conduct." *United States v.*

2

*Huff*, 609 F.3d 1240, 1247 (11th Cir. 2010) (emphasis in original) (quotation omitted). The government bears the burden of proving the loss amount by a preponderance of the evidence. 18 U.S.C. § 3664(e); *Valladares*, 544 F.3d at 1269. "Restitution is not intended to provide a windfall for crime victims but rather to ensure that victims . . . are made whole for their losses." *Huff*, 609 F.3d at 1249 (quotation omitted). For this reason, "any value of the services or items received by the victim . . . must be offset against the restitution order." *Id.* at 1248. We have said that the defendant must offer evidence about the value of an offset. *See United States v. Bane*, 720 F.3d 818, 828-29, 829 n.10 (11th Cir. 2013).

The government met its burden of establishing the victims' losses by soliciting testimony from an employee of the U.S. Department of Housing and Urban Development. The witness testified to the amounts paid by government agencies to Green as a result of her false statements on benefit applications and testified that she would not have received those payments had the agencies been aware of the false statements. Green offered no evidence to disprove this testimony or otherwise to prove her entitlement to an offset in restitution. On this record, the district court did not commit clear error by accepting the testimony from the government witness and finding that Green would have been ineligible for government benefits due to her conduct. It was not an abuse of discretion for the district court to use those factual findings to set restitution at $85,363: the

uncontested amount paid to Green by the victims during the months included in the indictment.

**AFFIRMED.**