NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 17a0057n.06

**Case No. 16-1036**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | **FILED**<br>Jan 23, 2017<br>DEBORAH S. HUNT, Clerk |
| **Plaintiff-Appellee,** | ) | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF MICHIGAN |
| | ) | |
| **v.** | ) | |
| | ) | |
| **MARLON CLEVELAND,** | ) | |
| | ) | |
| **Defendant-Appellant**. | ) | |
| | ) | **O P I N I O N** |

**BEFORE: SUHRHEINRICH, SUTTON, and McKEAGUE, Circuit Judges.**

**PER CURIAM.** In March 2013, Marlon Cleveland was appointed Court Officer for the 36th District Court in Detroit, Michigan. His job entailed enforcing court orders in civil cases, including collecting monies owed by defendants in satisfaction of their outstanding judgments. But rather than remitting these collected funds to either the court or the prevailing parties as was required of him, Cleveland pocketed the money, stealing approximately $50,000 during his year-long scheme. Upon being discovered in April 2014, Cleveland pled guilty to theft from a program receiving federal funds, 18 U.S.C. § 666, and mail fraud, 18 U.S.C. § 1341. The district court announced its intent to sentence Cleveland to 36-months in prison and three years of supervised release and subsequently held a separate hearing to determine the amount of restitution owed under the Mandatory Victims Restitution Act (MAVA). After listening to arguments from both sides, the court accepted the government's proposed figure of $55,000.96

and imposed the sentence accordingly. On appeal, Cleveland does not challenge this final restitution amount; instead, he argues solely that the district court "failed to address" his argument that he was entitled to an offset for either monies actually turned over to civil plaintiffs or for his own "fees and compensation," which he contends is required by Federal Rule of Criminal Procedure 32(i)(3)(B). However, because the district court dedicated an entire hearing to determining the amount of restitution, listening to and rejecting Cleveland's arguments, we find no error and affirm.

"We review the district court's compliance with Federal Rule of Criminal Procedure 32(i) de novo." *United States v. White*, 492 F.3d 380, 414 (6th Cir. 2007). Both parties agree that restitution is mandatory. The MAVA requires that all awards comply with Rule 32(c). 18 U.S.C. §§ 3663A(d), 3664. Rule 32(c) was later superseded by Rule 32(i) under the 2002 amendments, and compliance with this amended rule is at issue here. *See* Fed. R. Crim. P. 32 Advisory Comm. Notes; *see also United States v. Treadway*, 328 F.3d 878, 885 n.3 (6th Cir. 2003).

Rule 32(i)(3)(B) requires the district court to "rule" on any "disputed portion of the presentence report or other controverted matter" unless it "determine[s] that a ruling is unnecessary either because the matter will not affect sentencing, or because the court will not consider the matter in sentencing." Our circuit requires "literal compliance" with this rule, and once a defendant properly raises a dispute, the court "may not merely summarily adopt the factual findings in the presentence report or simply declare that the facts are supported by a preponderance of the evidence." *White*, 492 F.3d at 415 (internal quotation marks omitted). On the other hand, Rule 32 does not dictate that the court must "give a lengthy explanation for its ruling," *United States v. Vonner*, 516 F.3d 382, 388 (6th Cir. 2008) (en banc), particularly if the

argument is clearly without merit, *United States v. Gale*, 468 F.3d 929, 940 (6th Cir. 2006) ("[A]rguments clearly without merit can, and for the sake of economy should, be passed over in silence.").

Here, the district court held a hearing solely to address, and rule on, Cleveland's objections to the government's proposed restitution figure of $55,000.96. While the government was required to prove this amount by a preponderance of the evidence, 18 U.S.C. § 3664(e), Cleveland bore the burden of proving his entitlement to any offset, *United States v. Washington*, 715 F.3d 975, 985 (6th Cir. 2013). This required him to proffer some evidence in support of his theory. *See United States v. Lang*, 333 F.3d 678, 681–82 (6th Cir. 2003). But in response to the government's list and supporting documentation detailing each victim and corresponding loss amount, Cleveland offered only generalized statements and vague reasons why he believed this amount was too high.

First, he half-heartedly attempted to argue that a portion of the monies was actually turned over to the civil plaintiffs. For example, his counsel stated that "Mr. Cleveland has indicated to me . . . that $506 was paid to [one individual]," and that Cleveland was "fairly certain he remember[ed]" turning $1,000 over to another. *See, e.g.,* R. 32, Restitution Hearing at 5, PID 194. But he never provided any concrete evidence, despite the court providing him the opportunity to do so, and the district court was under no obligation to credit these unsubstantiated statements.

Second, Cleveland requested that the court just "deduct seven percent, the statutory seven percent fee from the figure that the government has submitted" for "wages and compensation," without ever providing a citation for this claimed authority—at the hearing or in his brief on appeal—or even explaining what the statute says. *Id.* at 6, PID 195. Nevertheless, the record

makes clear that the district court understood and considered the basis for Cleveland's claim. *See, e.g., id.* at 8, PID 197 (asking the government, "[w]hat's your response to the seven percent?").

With no credible evidence presented by Cleveland, the district court concluded that "the government has satisfied [its] burden of proof by showing by a preponderance of the evidence that these [individuals] have been victims in the case . . . [and] I am going to accept the government's figure of $55,000.96 as the amount of restitution." *Id.* at 15, PID 204. This constituted a factual finding satisfying Rule 32 and signified that Cleveland had not carried his burden of demonstrating entitlement to an offset. *See, e.g., United States v. Green*, --F. App'x-- 2016 WL 6832914 (11th Cir. Nov. 21, 2016) (per curiam) (concluding Green did not meet his offset burden because he offered no evidence to disprove the government's testimony). In *Vonner*, where we rejected a similar Rule 32 argument, we concluded that "the [district] court did 'rule' on [the defendant's] arguments by declining to give [him] a lower sentence." 516 F.3d at 388. So too, here, where the district court "ruled" on Cleveland's offset argument by declining to reduce the amount of restitution. It "did not summarily adopt . . . the government's position, but heard arguments from both parties." *United States v. Mason*, 294 F. App'x 193, 201 (6th Cir. 2008).

In any event, no more explanation was necessary given that Cleveland's claim lacked merit anyways. *See Gale*, 468 F.3d at 940. The statute Cleveland presumably was referring to which he claimed entitled him to "wages and compensation"—MICH. COMP. LAWS § 600.2259— allows court officers to deduct 7% of monies they collect on judgments of up to $8,000 from a civil *plaintiff's* total recovery. But here, the district court determined—and Cleveland does not challenge on appeal—that the civil *defendants*, whom Cleveland had threatened and bribed, were

the victims to whom restitution was owed. Therefore, even assuming Cleveland was entitled to a commission despite breaking the law, that money would not be deducted from the restitution amounts credited to the civil defendants in this case. Such a result would be entirely at odds with the goal of restitution, as these defendants would get credit for less than the amount they paid in satisfaction for their outstanding judgments. *See* 18 U.S.C. § 3664(f)(1)(A) ("[T]he court shall order restitution to each victim in the full amount of each victim's losses . . . .").

On appeal, Cleveland relies almost exclusively on *United States v. Smith*, 344 F.3d 479 (6th Cir. 2003), but this case is inapposite. There, we ruled that the district court "fail[ed] to make factual findings" on Smith's offset argument by impermissibly "*delegating its duty to resolve the offset dispute* to the SSA . . . ." *Id.* at 485 (emphasis added). Here, in contrast, there was no delegation of any decision-making authority; to the contrary, the district court itself "resolved the offset dispute" by considering Cleveland's unsubstantiated arguments and "ruling" on the matter by making a factual finding that $55,000.96 was the appropriate amount of restitution owed. Rule 32 required it to do no more.

Accordingly, the judgment is **AFFIRMED.**