NOT RECOMMENDED FOR PUBLICATION
File Name: 20a0353n.06

No. 19-3763

## UNITED STATES COURT OF APPEALS FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | **FILED**<br>Jun 16, 2020<br>DEBORAH S. HUNT, Clerk |
| Plaintiff - Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF OHIO |
| | ) | |
| JOHNNY G. MACK, III, | ) | |
| | ) | |
| Defendant - Appellant. | ) | |
| | ) | |

**Before: CLAY, WHITE, and READLER, Circuit Judges.**

**CHAD A. READLER, Circuit Judge.** Johnny Mack pled guilty to carjacking. At Mack's sentencing, the district court applied an enhancement due to Mack's use of a knife during the carjacking. Mack disputes that he used a knife, and disputes whether the district court made a finding to that effect in accordance with the Federal Rule of Criminal Procedure 32. Finding no error in the district court's application of the sentencing enhancement, we **AFFIRM** the judgment.

I.

Mack approached a woman at a gas station seemingly to ask directions. When the woman entered her car to look up directions on her phone, Mack's presence made her feel uneasy. So she removed a knife from her center console, placing it under her leg. Her uneasiness was well founded. Wielding a knife of his own, Mack would soon attempt to carjack the vehicle. The woman fended off Mack with her knife, sustaining wounds to her legs, stomach, and hands in the process. Mack fled the scene. He was later arrested.

Mack pled guilty to carjacking, in violation of 18 U.S.C. § 2119(1). As relevant here, Mack's Presentence Report (PSR) utilized a four-level sentencing enhancement applicable when "a dangerous weapon was otherwise used" in the crime. U.S.S.G. § 2B3.1(b)(2)(D). Mack filed an objection, denying he used a knife in the struggle for the car. To his mind, the victim's wounds must have resulted from her defending herself with her own knife.

Mack re-raised his objection at sentencing. The government introduced photos of the victim's wounds. After hearing argument from the parties and examining the pictures, the district court applied the enhancement: "I think the knife was a dangerous weapon. And I do find that the defendant was responsible for the knife." Later, in considering the 18 U.S.C. § 3553(a) sentencing factors, the court further discussed the severity of the crime, noting that Mack "used a knife in trying to carry this out." Following additional arguments by the parties, the court sentenced Mack to a 120-month, within-Guidelines sentence. Mack timely appealed.

II.

In reviewing Mack's sentencing proceeding, we examine legal conclusions de novo and factual findings for clear error. *See United States v. Kaminski*, 501 F.3d 655, 665 (6th Cir. 2007).

The thrust of Mack's argument on appeal is that the district court failed to make its own factual finding at sentencing regarding Mack's use of a knife, in violation of Federal Rule of Criminal Procedure 32. Rule 32 dictates when a district court must make such findings. For sentencing matters that are undisputed, the court "may accept any undisputed portion of the presentence report as a finding of fact." Fed. R. Crim. P. 32(i)(3)(A). Not so, however, for matters in dispute. "[F]or any disputed portion of the presentence report or other controverted matter," the court "must . . . rule on the dispute or determine that a ruling is unnecessary." Fed. R. Crim. P. 32(i)(3)(B). It follows that in assessing whether the district court complied with Rule 32 in

applying the dangerous-weapon enhancement here, we ask first whether Mack disputed his use of a knife. If so, we then ask whether the court ruled on the disputed issue. *See United States v. Poulsen*, 655 F.3d 492, 513 (6th Cir. 2011) ("First we ask whether the amount was in dispute. . . . Second, we examine whether the district court ruled on the amount in dispute.").

1. What does it mean for a defendant to put an issue "in dispute" at sentencing? Generally speaking, we have required a defendant to "produce some evidence that calls the reliability or correctness of the alleged facts into question." *United States v. Cover*, 800 F.3d 275, 278 (6th Cir. 2015) (per curiam) (quoting *United States v. Lang*, 333 F.3d 678, 681 (6th Cir. 2003)). That evidence, we have explained, typically must be "more than a [defendant's] bare denial." *Id.* (quoting *Lang*, 333 F.3d at 681). "A defendant cannot show that a PSR is inaccurate by simply denying the PSR's truth . . . he must produce *some evidence* that calls the reliability or correctness of the alleged facts into question." *United States v. Adkins*, 729 F.3d 559, 570 (6th Cir. 2013) (quoting *Lang*, 333 F.3d at 681).

Here, a bare denial is all Mack has mustered. While denying that he used a knife in his carjacking attempt, he concedes he has no evidence to corroborate that claim. The government, on the other hand, presented photos of the victim's wounds. And it offered the victim's statement to the police that "the knife was in the possession of the defendant." True, Mack's denial was consistent throughout, from arrest to sentencing. But consistency alone does not clothe an otherwise naked denial of the facts in the PSR. Faced with nothing but Mack's bare denial, the district court was free to "rely entirely on the PSR" findings at sentencing. *See id*. (noting that where the defendant made "bald assertions" and "failed to produce any evidence" regarding the truth of his underlying criminal adjudication that the district court "properly relied on the report"); *Cover*, 800 F.3d at 278–79 (finding that a bare denial of the "accuracy of [a PSR] statement" did

not place the issue in dispute where defendant "produced nothing to contradict any of the evidence in the presentence report" that justified the enhancement).

On occasion, it bears noting, we have not firmly enforced the requirement that a defendant offer more than a bare denial to create a cognizable "dispute" to a PSR's findings. But those circumstances typically involve loss calculations or a similarly complex sentencing analysis. One example is *United States v. Vanhoose*, 446 F. App'x 767 (6th Cir. 2011). We held there that the district court improperly relied on the PSR where the defendant objected to the PSR's loss calculation and requested an evidentiary hearing. *Id.* at 769 (explaining this "triggered" Rule 32; *see also, e.g.*, *United States v. Patel*, 694 F. App'x 991, 995 (6th Cir. 2017) (finding that Rule 32 was "triggered" when the defendant in a fraudulent health care scheme asserted that there was no evidence that certain bills were fraudulent); *United States v. Huffman*, 529 F. App'x 426, 432 (6th Cir. 2013) (requiring fact-finding where a defendant in a pill-mill scheme objected to the loss amount and "disputed [the] drug-quantity amount because some of the prescriptions were legitimate"); *but see United States v. Burdette*, No. 19-1257, 2019 U.S. App. LEXIS 26955, at *4–5 (6th Cir. Sep. 5, 2019) (order) (finding that "[b]ecause [defendant] failed to produce any evidence to support her objection, the district court was entitled to rely on the presentence report's tax loss amount").

But that does not describe today's case. The lone issue here is whether Mack possessed a knife. There are no financial calculations to make. Nor are there are other complex considerations regarding quantity or quality. In this straightforward setting, we routinely hold that a defendant's bare denials do not require a specific factual finding at sentencing. *See Cover*, 800 F.3d at 281–82 (finding that defendant's claims that "his conviction involved a 15-year-old victim" as opposed to a 12-year-old, did not create a dispute); *Lang*, 333 F.3d at 682 (finding that a district court could

4

rely on the PSR when the defendant's "attorney's unsupported letter contesting a material fact in the original PSR and denying the applicability of [the enhancement]" was the only evidence offered); *United States v. Al-Said*, No. 19-1504, 2020 U.S. App. LEXIS 8629, at *7–9 (6th Cir. Mar. 18, 2020) (order) (finding that the defendant's statement that "any claims of fraud on her part are denied" was a "bare denial" and the district court appropriately relied on the presentence report (quoting *Cover*, 800 F.3d at 278)); *United States v. Smith*, 743 F. App'x 606, 611 (6th Cir. 2018) (finding that the defendant's "threadbare assertion" and explicit statement that he had a "factual disagreement with [the] enhancement" was insufficient to create a dispute when compared against other evidence); *United States v. Jock*, 148 F. App'x 519, 522–23 (6th Cir. 2005) (finding that the defendant's attorney's presentation of an "alternative interpretation" of the facts in a PSR and a statement that "it was not [the defendant's] gun" were insufficient to create a dispute).

For those reasons, the district court might well have been entitled to rely on the findings of the PSR.

2. Assuming, for the sake of argument, that Mack did place his possession of a knife in dispute, we then ask whether "the district court . . . *actually [found] facts* . . . by a preponderance of the evidence." *United States v. White*, 492 F.3d 380, 416 (6th Cir. 2007). The government bears the burden of "convinc[ing] the court that the PSR's facts are actually true." *Lang*, 333 F.3d at 681 (quoting *United States v. Mustread*, 42 F.3d 1097, 1102 (7th Cir. 1994)). While the court may not summarily adopt disputed PSR factual findings, "Rule 32 does not dictate that the court must 'give a lengthy explanation for its ruling.'" *United States v. Cleveland*, 677 F. App'x 210, 212 (6th Cir. 2017) (quoting *United States v. Vonner*, 516 F.3d 382, 388 (6th Cir. 2008) (en banc)).

At Mack's sentencing hearing, the district court made the appropriate finding. It stated: "I do find that the defendant was responsible for the knife," adding that Mack "used a knife in

trying to carry this out." In making that finding, the district court considered written arguments from the parties, looked at photos of the victim's wounds, and heard argument from the parties which, together, satisfied Rule 32. *See United States v. Geerken*, 506 F.3d 461, 467 (6th Cir. 2007) (finding Rule 32 satisfied where the court "viewed a representative sample of the images" and the defendant "produced no evidence to challenge the correctness of the factual findings of either the probation officer or the district court"); *Cleveland*, 677 F. App'x at 213 ("[T]he district court . . . 'did not summarily adopt the government's position, but heard arguments from both parties'" before it ruled on the defendant's restitution amount (quoting *United States v. Mason*, 294 F. App'x 193, 201 (6th Cir. 2008) (alterations omitted))).

Not only did the district court "literal[ly] compl[y]" with Rule 32, but it also satisfied the Rule's underlying objectives, namely, to "enhance[] the accuracy of the sentence" and create "clarity of the record." *White*, 492 F.3d at 415 (quoting *United States v. Treadway*, 328 F.3d 878, 886 (6th Cir. 2003)). By considering written and oral arguments, reviewing photos, and stating that Mack was responsible for the knife, the district court sought to "enhance the accuracy of the sentence." It is difficult to see what more the district court could have done here when, as Mack acknowledges, his "denial was all he could do under the circumstances." Nor is there a lack of clarity as to why Mack received the sentencing enhancement—he was responsible for the knife that harmed the victim.

We thus do not see clear error in the district court's finding that Mack was responsible for the knife.

3. Mack also claims that the district court erred by not "append[ing] a copy of the court's factual determinations to the PSR as required by Fed. R. Crim. P. 32(i)(3)(C)." Mack is correct that, ordinarily, the district court "must append a copy of the court's determinations under this rule

to any copy of the presentence report made available to the Bureau of Prisons." Fed. R. Crim. P. 32(i)(3)(C). But here, Mack does not allege that any misinformation was in fact provided to the Bureau of Prisons. *See Mason*, 294 F. App'x at 202 n.3 ("Nowhere does [defendant] allege that the court sent a copy of the PSR to the Bureau of Prisons without attaching a copy of the findings."). Nor could he, it seems, when the PSR itself fairly reflected the relevant facts that informed Mack's sentencing. *Cf. United States v. Bartlett*, 416 F. App'x 508, 512 (6th Cir. 2011) (stating that a court complies with Rule 32(i)(3)(C) when the PSR is amended to reflect a judge's additional findings at sentencing). In any event, Mack does not claim that any purported error prejudiced him. *See Mason*, 294 F. App'x at 202 n.3 ("[Defendant] alleges no prejudice as a result of any such failure, making remand unnecessary."); *United States v. Lantz*, 443 F. App'x 135, 147 (6th Cir. 2011) (same). We thus see no error in this context either.

## CONCLUSION

For the foregoing reasons, we **AFFIRM** the judgment of the district court.