**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Lawrence Eugene EVERHART,
Defendant–Appellant.**

No. 02–2077.

United States Court of Appeals,
Sixth Circuit.

Sept. 22, 2003.

Daniel L. Lemisch, U.S. Attorney's Office, Detroit, MI, for Plaintiff–Appellee.

Martin J. Beres, St. Clair Shores, MI, for Defendant–Appellant.

Before KRUPANSKY, BOGGS, and CLAY, Circuit Judges.

## ORDER

Lawrence Eugene Everhart, represented by counsel, appeals from his judgment of conviction and sentence. The parties have expressly waived oral argument, and this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In March 2002, Everhart pleaded guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). He was sentenced to 63 months of imprisonment and three years of supervised release.

Everhart has filed a timely appeal, arguing that the district court erred when it enhanced his offense level for possessing weapons or ammunition in connection with another felony offense, pursuant to USSG § 2K2.1(b)(5). He also maintains that the district court failed to provide him with a sufficient opportunity at sentencing to contest the facts supporting the § 2K2.1(b)(5) enhancement.

■ Upon review, we conclude that the district court properly enhanced Everhart's offense level for possessing weapons and ammunition in connection with his marijuana-growing operation. This court reviews a district court's factual findings underlying a sentencing decision for clear error and gives due deference to the district court's application of a sentencing guideline to a factual situation. *United States v. Ennenga*, 263 F.3d 499, 502 (6th Cir.2001). Sentencing Guideline § 2K2.1(b)(5) provides that a defendant's base offense level should be enhanced by 4 levels "[i]f the defendant used or possessed any firearm or ammunition in connection with another felony offense." The government has the burden of showing by a preponderance of the evidence that there was a nexus between the firearms and the other felony offense. *Ennenga*, 263 F.3d at 503. In interpreting the "in connection with" clause of § 2K2.1(b)(5), this court has adopted a "fortress theory" which concludes that a sufficient connection is established "if it reasonably appears that the firearms found on the premises controlled or owned by a defendant and in his actual or constructive possession are to be used to protect the drugs or otherwise facilitate a drug transaction." *Id.* (citing *United States v. Henry*, 878 F.2d 937, 944 (6th Cir.1989)).

A review of the record clearly reflects that, in March 2001, police executed a

search warrant at Everhart's home. The police discovered the following items on the kitchen table: five rounds of Remington 20–gauge ammunition, one magazine containing thirteen rounds of 22–caliber ammunition, one box containing forty-seven rounds of 38–caliber ammunition, one electric scale, one Gladware container holding an assortment of marijuana seeds, stems, and cigarettes, a book entitled "Marijuana Growers Guide," and residency documents belonging to Everhart. In the living room, police found twenty grams of marijuana and a Davis 32–caliber Derringer containing one round of ammunition. In the southeast bedroom, police found one Rohn 22–caliber revolver loaded with three live rounds on top of a bunk bed. In the northeast bedroom, police found a Colt AR–15 semi-automatic assault rifle, one magazine for the Colt loaded with 30 rounds of ammunition, one Browning 22–caliber rifle loaded with 13 rounds of ammunition, three loaded magazines, a box containing 38 rounds of 9mm ammunition, a box containing 33 rounds of 40–caliber ammunition, 2 rounds of 12–gauge shotgun ammunition, and one triple beam balance scale. In the basement, police found a large-scale hydroponic marijuana growing operation containing 190 live marijuana plants. At the time of the search, Everhart admitted ownership of the firearms and he admitted to operating the marijuana growing operation.

This evidence establishes a sufficient connection between the firearms and the marijuana growing operation. The evidence clearly indicates that the entire house was utilized in the growth, packaging, and distribution of marijuana. The guns, ammunition, drugs, and drug paraphernalia were dispersed throughout the house. Contrary to Everhart's argument, each room that contained firearms also contained drugs, drug paraphernalia, or a combination thereof (with the exception of the southeast bedroom). Hence, there was a sufficient nexus between the guns, ammunition, and the drugs found at Everhart's home to warrant a § 2K2.1(b)(5) enhancement.

Finally, contrary to Everhart's argument, the district court clearly provided him with an opportunity to challenge the § 2K2.1(b)(5) enhancement. Pursuant to Federal Rule of Criminal Procedure 32(c)(1), a sentencing court is required to afford counsel for the defendant an opportunity to comment on a probation officer's determinations as set forth in a PSI and resolve "any unresolved objections" to the report. The purpose of the rule is to prohibit "a court faced with a dispute over sentencing factors from adopting the factual findings of the presentence report without making factual determinations of its own." *United States v. Parrott,* 148 F.3d 629 (6th Cir.1998). Here, a review of the record reflects that the district court offered defense counsel the opportunity to argue his position with respect to the § 2K2.1(B)(5) enhancement. Although counsel objected to the application of § 2K2.1(B)(5), he did not make any objections to the facts contained in the PSI. Because Everhart did not present any evidence to controvert the facts contained in the PSI, the district court was not faced with a "factual dispute" that needed to be resolved. Everhart merely denied the accuracy of the report, without presenting any evidence to controvert the facts contained in the PSI. Where a defendant merely presents a "bare denial" of the facts, a sentencing judge may still rely entirely on the PSI. *See United States v. Mustread,* 42 F.3d 1097, 1101–02 (7th Cir. 1994). Hence, this claim lacks merit.

Accordingly, we affirm the judgment of conviction and sentence.