*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206
File Name: 07a0428p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

v.

No. 06-3987

IVAN GEERKEN,

*Defendant-Appellant.*

Appeal from the United States District Court
for the Southern District of Ohio at Dayton.
No. 05-00027—Thomas M. Rose, District Judge.

Argued: September 17, 2007

Decided and Filed: October 22, 2007

Before: BATCHELDER and GILMAN, Circuit Judges; STAFFORD, District Judge.[*]

_____

## COUNSEL

**ARGUED:** George A. Katchmer, Jr., L. PATRICK MULLIGAN & ASSOCIATES, Dayton, Ohio, for Appellant. Benjamin C. Glassman, ASSISTANT UNITED STATES ATTORNEY, Cincinnati, Ohio, for Appellee. **ON BRIEF:** George A. Katchmer, Jr., L. PATRICK MULLIGAN & ASSOCIATES, Dayton, Ohio, for Appellant. Laura I. Clemmens, ASSISTANT UNITED STATES ATTORNEY, Dayton, Ohio, for Appellee.

_____

## OPINION

_____

STAFFORD, District Judge. The defendant, Ivan Geerken ("Geerken"), appeals from the 60-month sentence imposed by the district court following Geerken's guilty plea to possession of child pornography. Geerken contends that the district court erred in calculating his sentencing range under the advisory United States Sentencing Guidelines ("U.S.S.G." or "Guidelines"). We **AFFIRM**.

## I. BACKGROUND

On November 13, 2003, following an investigation conducted by the Immigration and Customs Enforcement Cyber Crime Center, officers obtained a search warrant and seized a computer

_____

[*] The Honorable William H. Stafford, Jr., United States District Judge for the Northern District of Florida, sitting by designation.

from Geerken's residence. The computer contained 204 still images and 49 videos of child pornography. On September 19, 2005, Geerken pleaded guilty to one count of possessing visual depictions of minors engaged in sexually explicit conduct, in violation of 18 U.S.C. § 2252(a)(4)(B).

In pleading guilty, Geerken agreed to the following statement of facts:

> On or about November 13th, 2003, the Defendant, Ivan Geerken possessed visual depictions of children under the age of eighteen engaged in sexually explicit conduct. Such activities included minors engaging in masturbation, the lascivious exhibition of genitals, and oral-genital, anal-genital, and genital-genital intercourse with adults, and with other children under the age of 18. These visual depictions include, but are not limited to, approximately 204 still images, and 49 videos or movies found on the hard drive of his computer, which was located in his residence in Dayton, Ohio. Ivan Geerken obtained these visual depictions by downloading them from the internet.

Plea Agreement at 8. The plea colloquy was silent as to whether Geerken's offense behavior specifically involved materials depicting minors under the age of twelve or depicting sadistic or masochistic conduct.

A probation officer prepared a presentence report ("PSR"), recommending that Geerken's base offense level be enhanced (1) by two levels pursuant to U.S.S.G. § 2G2.4(b)(1) because "[s]ome of the images downloaded on the defendant's hard drive were of prepubescent minors or minors under the age of 12" (PSR at ¶ 14); (2) by four levels pursuant to U.S.S.G. § 2G2.4(b)(4) because "[s]ome of the images . . . were of children engaged in bondage and bestiality" (PSR at ¶ 17); and (3) by five levels pursuant to U.S.S.G. § 2G2.4(b)(5)(D) because Geerken's offense behavior involved 600 or more images (PSR at ¶ 18).

Geerken filed written objections to the PSR, challenging the recommended two-level and four-level enhancements for images of minors younger than twelve and for images portraying sadistic or masochistic behavior respectively. Geerken argued that, under *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and *United States v. Booker*, 543 U.S. 220 (2005), the court was not permitted to enhance his base offense level for images of minors younger than twelve and for images portraying sadistic or masochistic behavior because Geerken had not admitted—as part of his plea agreement—that his offense behavior involved such images. Geerken did not object to the recommended five-level enhancement based on the total number of images involved.

On June 29, 2006, following *in camera* review of a representative sample of still and video images taken from Geerken's computer, the district court sentenced Geerken to a 60-month term of imprisonment. The district court overruled Geerken's objections to paragraphs 14 and 17 of the PSR, finding that the images downloaded from Geerken's computer included both images of minors under the age of twelve as well as images of minors engaged in bondage and bestiality. Such findings resulted in the addition of six levels to Geerken's base offense level. The district court also found that the images downloaded from Geerken's computer totaled 600 or more, resulting in the addition of five levels to Geerken's base offense level; Geerken again did not object to this five-level enhancement to his base offense level.

Given its various findings, the district court determined that the appropriate Guidelines range of imprisonment was 57 to 71 months, well below the 10-year statutory maximum. After stressing that this Guidelines range was advisory, the district court heard Geerken and his counsel speak at length about additional sentencing factors, including those set forth in 18 U.S.C. § 3553. The district court acknowledged the positives described by Geerken and his counsel, including Geerken's

devotion to his wife and family, his prior service as a Marine, and his age and physical problems, but also explained that Geerken's crime was a serious one, a "dirty" crime that needed to be punished adequately to deter future violations. The district court determined that a sentence of 60 months' imprisonment—a sentence within the advisory Guidelines range—was appropriate given all of the relevant factors.

Geerken thereafter filed this timely appeal of his sentence, challenging the district court's enhancements under U.S.S.G. §§ 2G2.4(b)(1), (b)(4), (b)(5).

## II. ANALYSIS

### A.

Geerken first argues that the district court erred by enhancing his sentence under U.S.S.G. § 2G2.4(b)(5)(D) (Nov. 2003). That section provided for a five-level increase in a defendant's base offense level if the offense involved 600 or more images of child pornography. Geerken's offense involved 204 still images and 49 videos. Using a 75:1 ratio for determining the number of images contained within a single video, the district calculated a total of 3,675 video images. Adding the 3,675 video images to the 204 still images, the district court concluded that Geerken possessed a grand total of 3,879 pornographic images, well in excess of the 600 images required for enhancement under section 2G2.4(b)(5)(D). Geerken contends that the conversion factor used by the district court—75 still images for each video—was arbitrary, resulting in an unreasonable sentence.

Because Geerken's objection to the district court's enhancement under Guidelines section 2G2.4(b)(5)(D) is being raised for the first time on appeal, we review for plain error. *United States v. Koeberlein*, 161 F.3d 946, 949 (6th Cir. 1998), *cert. denied*, 526 U.S. 1030 (1999). To establish plain error, Geerken must demonstrate (1) that error occurred; (2) that the error was obvious or clear; (3) that the error affected his substantial rights; and (4) that the negative impact affected the fairness, integrity, or public reputation of the judicial proceedings. *Id.* Geerken falls far short of establishing that the district court committed plain error by enhancing his base offense level under Guidelines section 2G2.4(b)(5)(D).

In sentencing Geerken in 2006 for an offense that was committed in 2003, the district court applied the 2003 Guidelines to avoid ex post facto concerns. Although the 2003 Guidelines provided that a defendant's base offense level should be increased by five levels if the offense involved 600 or more "images," the term "images" was not defined. U.S.S.G. § 2G2.4(b)(5)(D) (Nov. 2003). In 2004, however, an application note was added to the relevant section of the Guidelines,[1] defining the term "images" and clarifying that "[e]ach video, video-clip, movie or similar recording shall be considered to have 75 images." *Id.* § 2G2.2, Appl. Note 4(B)(ii) (2004). The district court relied upon the 2004 application note when calculating the number of images contained within a single video.

The Guidelines provide that if a sentencing court applies an earlier edition of the Guidelines Manual, it must apply that edition in its entirety. U.S.S.G. § 1B1.11(b)(2). This provision contains one important caveat: namely, a court using an earlier edition of the Guidelines Manual "shall consider subsequent amendments, to the extent that such amendments are clarifying rather than substantive changes." *Id.* This court has consistently recognized that clarifying amendments may be applied retroactively to discern the Sentencing Commission's intent regarding the application of a pre-amendment guideline. *United States v. DeCarlo*, 434 F.3d 447, 458-459 (6th Cir. 2006)

---

[1] In 2004, the Sentencing Commission consolidated sections 2G2.2 and 2G2.4 into section 2G2.2, deleting section 2G2.4 accordingly.

(finding it appropriate to consider a post-sentencing clarifying amendment when reviewing the defendant's sentence on appeal); *United States v. Williams*, 940 F.2d 176, 182 (6th Cir.) (same), *cert. denied*, 502 U.S. 1016 (1991); *United States v. Luster*, 889 F.2d 1523, 1529 (6th Cir. 1989) (noting that "[i]nasmuch as [an] amendment to the guideline is intended to clarify the existing guideline, it should be given substantial weight in determining the meaning of the existing guideline").

An amendment is clarifying if it "changes nothing concerning the legal effect of the guidelines, but merely clarifies what the Commission deems the guidelines to have already meant." *United States v. Capers*, 61 F.3d 1100, 1109 (4th Cir. 1995) (internal quotation marks and citation omitted), *cert. denied*, 517 U.S. 1211 (1996). Because it is sometimes difficult to distinguish between a clarifying amendment and a substantive amendment, this court has identified three factors to be considered when determining whether an amendment clarifies or substantively alters a Guidelines provision: " '(1) how the Sentencing Commission characterized the amendment; (2) whether the amendment changes the language of the guideline itself or changes only the commentary for the guideline; and (3) whether the amendment resolves an ambiguity in the original wording of the guideline.' " *United States v. Monus*, 356 F.3d 714, 718 (6th Cir. 2004) (quoting *United States v. Hartz*, 296 F.3d 595, 599 (7th Cir.2002)).

Here, all three factors favor a construction of the 2004 amendment as clarifying. When Congress established the graduated scale of enhancements set out in U.S.S.G. § 2G2.4(b)(5)(A)-(D) (2003), it was explained that penalties were to be increased "based on the amount of child pornography involved in the offense." H.R. Rep. No. 108-66 at 59 (2003). Congress thus created a specific offense characteristic providing graduated enhancements of two to five levels depending on the number of pornographic "images" involved. Unfortunately, the term "images" was not defined, leaving an ambiguity in the 2003 Sentencing Guidelines. When the Sentencing Commission amended the Guidelines in 2004, adding—through an application note included in the commentary to U.S.S.G. § 2G2.2—not only a definition for the term "images" but also a conversion factor applicable to video materials, it explained that the amendment was intended "to provide greater *guidance* for these terms" and "an *instruction* regarding how to apply the specific offense characteristic to videotapes." U.S. Sentencing Guidelines Manual supp. to app. C, amend. 664 at 59 (emphasis added). By using the terms "guidance" and "instruction," the Sentencing Commission suggested that it was merely trying to clarify the ambiguity that appeared in the existing Guidelines. Because the amendment resolved an ambiguity in the original wording of the relevant guideline, because it affected only the commentary to a guideline and not the guideline itself, and because the Sentencing Commission itself characterized the amendment as providing "guidance" and "instruction," we conclude that the application note added to the Guidelines in 2004 was a clarifying amendment that was appropriately considered in the calculation of Geerken's Guidelines sentencing range. We further conclude that the district court's use of the conversion factor set out in the 2004 application note was not arbitrary and did not result in an unreasonable sentence for Geerken.

**B.**

Geerken next argues that the district court erred when it found, by a preponderance of the evidence, that the child pornography possessed by Geerken not only depicted minors under the age of twelve but also depicted sadistic or masochistic conduct. Geerken admitted to neither of these facts when he pleaded guilty to possession of pornography. Geerken argued before the district court, and now contends on appeal, that by finding facts that were not admitted as part of his plea agreement, the district court ran afoul of the Supreme Court's decision in *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000) (holding that "[o]ther than the fact of a prior conviction any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt").

Where, as here, a defendant has preserved an *Apprendi* challenge to his sentence, we review *de novo*. *United States v. Samuels*, 308 F.3d 662 (6th Cir. 2002), *cert. denied*, 537 U.S. 1225 (2003).

Post-*Booker*, this court has repeatedly held that judicial fact-finding at sentencing is constitutional so long as the court appreciates that the Guidelines are advisory, not binding. *See, e.g.*, *United States v. Gardiner*, 463 F.3d 445, 461 (6th Cir. 2006) (noting that "[i]t is clear under the law of this Circuit that a district court may make its own factual findings regarding relevant sentencing factors, and consider those factors in determining a defendant's sentence"); *United States v. Gates*, 461 F.3d 703, 708 (6th Cir.) (finding that "judicial fact-finding in sentencing proceedings using a preponderance of the evidence standard post-*Booker* does not violate either Fifth Amendment due process rights, or the Sixth Amendment right to trial by jury"), *cert. denied*, 127 S. Ct. 602 (2006). The district court having expressly stated during the sentencing hearing that it considered the Guidelines to be advisory and not binding, Geerken's *Apprendi* argument is foreclosed by controlling law. Moreover, *Apprendi* is inapplicable because Geerken was sentenced to less than the statutory maximum. *See Apprendi*, 530 U.S. at 490.

Geerken also suggests that the district court's factual findings—that the images involved minors under the age of twelve as well as sadistic or masochistic conduct—were arbitrary and, therefore, unreasonable. This court must accept a district court's factual findings unless they are clearly erroneous. *United States v. Hazelwood*, 398 F.3d 792, 795 (6th Cir. 2005).

Here, the record reveals that the district court viewed a representative sample of the images, including video images, possessed by Geerken before finding that the pornography included both depictions of minors under the age of twelve as well as depictions of sadistic or masochistic conduct. In addition, the district court had the benefit of the PSR prepared by a probation officer who also viewed a sample of the still and video images taken from Geerken's computer before recommending enhancements for images involving children under twelve and sadistic and masochistic conduct. The district court's factual findings were thus based not only on facts presented in the PSR but also on its own independent viewing of the evidence.

When a defendant fails to produce any evidence to contradict the facts set forth in the PSR, a district court is entitled to rely on those facts when sentencing the defendant. *See United States v. Duckro*, 466 F.3d 438, 449 (6th Cir. 2006) (explaining that a defendant who wishes to challenge the factual allegations in the PSR must produce some evidence to call those facts into question); *United States v. Lang*, 333 F.3d 678, 682 (6th Cir. 2003) (explaining that the district court could properly make factual findings on the basis of the PSR where the defendant failed to produce any evidence to contradict those findings). At the sentencing hearing, Geerken produced no evidence to challenge the correctness of the factual findings of either the probation officer or the district court. Furthermore, on appeal, Geerken did not submit a copy of the images, even though the district court explicitly ordered that the images—both those that were viewed by the court *in camera* as well as those viewed by the probation officer—be copied to a medium and sealed as part of the record. Under the circumstances, we cannot conclude that the district court committed clear error when it found that Geerken downloaded images of minors under the age of twelve and images involving sadistic or masochistic behavior.

### III. CONCLUSION

Finding no merit to Geerken's arguments on appeal, we **AFFIRM**.