NOT RECOMMENDED FOR PUBLICATION
File Name: 23a0038n.06

Case Nos. 22-5011/5012

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

FILED
Jan 19, 2023
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR |
| | ) | THE EASTERN DISTRICT OF |
| | ) | KENTUCKY |
| IVORY LEE DEAN, III, aka Mark Dean, | ) | |
| | ) | OPINION |
| Defendant-Appellant. | ) | |
| | ) | |

Before: SUTTON, Chief Judge; CLAY and BUSH, Circuit Judges.

SUTTON, Chief Judge. Ivory Lee Dean, III pleaded guilty to conspiring to distribute methamphetamine and heroin and to making false statements during firearm purchases. The district court enhanced his advisory sentencing range based on his possession of a firearm during the conspiracy. We affirm.

Dean was a middleman. Starting around August 2018, he bought methamphetamine and heroin from a Louisville supplier and resold the drugs to low-level dealers across Kentucky. As it happens, Dean also was a convicted felon.

The dominoes began to topple with a traffic stop in December. Officers pulled over two of Dean's dealers and found methamphetamine and a loaded revolver. When interrogated by the police, one of the dealers reported that dealers visited Dean weekly and that he kept drugs and guns at his Louisville residence. The other dealer said that Dean sold him the drugs and gave him

the revolver. Other dealers also told officers that Dean traded firearms for drugs and carried two handguns on a drug delivery trip.

Officers arrested Dean in June 2019. When they searched his residence in connection with the arrest, they discovered a pistol, drug paraphernalia, ammunition, suspected heroin, digital scales, and an AR-15 magazine. Dean pleaded guilty to conspiring to distribute 500 grams or more of a methamphetamine mixture or substance, 21 U.S.C. §§ 846, 841(a)(l), and to making false statements during firearm purchases, 18 U.S.C. §§ 922(a)(6), 924(a)(2).

The presentence investigation report recommended a two-level enhancement on the conspiracy count for possessing a firearm under U.S.S.G. § 2D1.1(b)(1). The court applied the enhancement. It sentenced Dean to 172 months on the conspiracy count to run concurrently with a 120-month sentence on the firearm purchases count.

On appeal, Dean challenges the two-level enhancement. It applies "[i]f a dangerous weapon (including a firearm) was possessed." U.S.S.G. § 2D1.1(b)(1). Under the guideline, the government must first show by a preponderance of the evidence that the defendant possessed the weapon during "relevant conduct," which "includes 'all acts and omissions . . . that were part of the same course of conduct or common scheme or plan as the offense of conviction.'" *United States v. West*, 962 F.3d 183, 188 (6th Cir. 2020) (alteration in original) (quoting U.S.S.G. § 1B1.3(a)(2)). If the government meets this burden, the defendant may defeat the presumption "that the weapon was connected with the crime" by showing that the connection was "clearly improbable." *United States v. Wheaton*, 517 F.3d 350, 367 (6th Cir. 2008) (quoting *United States v. Hough*, 276 F.3d 884, 894 (6th Cir. 2002)); *see also* U.S.S.G. § 2D1.1 cmt. n.11(A); *United States v. Pryor*, 842 F.3d 441, 453 (6th Cir. 2016) (listing factors for determining probability of connection).

The record establishes a connection between Dean's possession of firearms and the drug conspiracy. The district court found that drug dealers came to Dean in Louisville to purchase a variety of drugs. At Dean's Louisville residence, officers found suspected heroin, drug paraphernalia, a pistol, an AR-15 magazine, and ammunition. That evidence suffices to meet the government's burden of showing that Dean used a firearm during the drug conspiracy. *See United States v. Benson*, 591 F.3d 491, 504 (6th Cir. 2010); *United States v. Greeno*, 679 F.3d 510, 515 (6th Cir. 2012), *abrogated on other grounds*, *N.Y. State Rifle & Pistol Ass'n, Inc. v. Bruen*, 142 S. Ct. 2111 (2022); *Wheaton*, 517 F.3d at 367–68. In response, Dean did not show below, and does not argue on appeal, that the pistol at his residence lacked any probable connection to the offense.

What Dean does say on appeal is that the district court should not have relied on his co-conspirators' statements in the presentence investigation report. The co-conspirators, he says, acted out of self-interest when they claimed that Dean carried guns during drug deliveries, traded meth for firearms, and bought AR-15 ammunition soon after drug transactions. But Dean did not raise this argument below, requiring us to review it only for plain error. *United States v. Geerken*, 506 F.3d 461, 464–65 (6th Cir. 2007). That is one problem. The second problem is that Dean has never disputed the truth of these statements. The third problem is that the credibility of those statements has little role to play here. The court cited the suspected heroin, pistol, ammunition, and drug paraphernalia that the *officers found* at Dean's residence during the conspiracy to apply the enhancement. That was all the court needed to apply the enhancement. *See Benson*, 591 F.3d at 504. No plain error occurred.

Dean adds that his firearm purchases lacked any connection to the conspiracy. But that does not matter either. The district court based the enhancement on other facts. Those facts were

3

not part of his plea agreement, it is true.  But the unfortunate reality for Dean is that they did not have to be.  *Geerken*, 506 F.3d at 466–67.

We affirm.