NOT RECOMMENDED FOR PUBLICATION
File Name: 23a0123n.06

Nos. 22-3326/3525

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | **FILED**<br>Mar 10, 2023<br>DEBORAH S. HUNT, Clerk |
| Plaintiff-Appellee, | ) |  |
| v. | ) | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF OHIO |
| HECTOR JOEL GARCIA MATOS (22-3326); ROBERTO ORTIZ CRUZ (22-3525), | ) |  |
| Defendant-Appellants. | ) | OPINION |

Before: GRIFFIN, BUSH, and MURPHY, Circuit Judges.

JOHN K. BUSH, Circuit Judge. Hector Garcia Matos and Roberto Cruz were part of an extensive drug trafficking scheme that shipped vast quantities of cocaine from Puerto Rico to Cleveland, Ohio. Each defendant entered a guilty plea and now challenges his sentence. Both defendants procedurally challenge the district court's assessment of a four-level enhancement based on USSG § 3B1.1(a), while Garcia Matos further challenges his sentence for substantive reasonableness. None of their arguments have merit, so we AFFIRM.

I.

Between early 2019 and April 2021, Garcia Matos and Cruz, along with several others, trafficked large amounts of cocaine in and around Cleveland, Ohio. Kevin Santiago, a co-conspirator residing in Puerto Rico, used the United States Postal Service to ship the cocaine from Puerto Rico to Cleveland and elsewhere for redistribution. Cruz ordered packages of the drugs from Santiago, who in turn would provide Cruz the tracking numbers for the shipments. Those

parcels went to various addresses provided by Garcia Matos to Santiago because Cruz did not want the cocaine sent directly to his residence. Also, at the direction of Cruz, Garcia Matos and Jacqueline Cruz (Cruz's mother) transported cash proceeds from drug sales in Cleveland to the East Coast. FBI agents were alerted to the activity, and, after an extensive investigation and several controlled buys, Cruz and Garcia Matos were arrested. A grand jury indicted Cruz, Garcia Matos, and nine other co-conspirators on 28 counts.

Both Garcia Matos and Cruz entered plea agreements. Garcia Matos agreed to plead guilty to three counts: one count for conspiracy to possess with intent to distribute cocaine in violation of 21 U.S.C. § 846 and two counts for possession with intent to distribute cocaine in violation of 21 U.S.C §§ 841(a)(1), (b)(1)(B), and 18 U.S.C. § 2. Cruz agreed to plead guilty to the same counts as Garcia Matos plus an additional count for possession with intent to distribute cocaine. Neither agreement reached final terms concerning sentencing, but both stipulated to a computation of the advisory sentencing guidelines offense level. The stipulation provided that Garcia Matos and Cruz's aggravating role would carry a two-level enhancement under USSG § 3B1.1(c). The district court informed Garcia Matos that, should the pre-sentence report (PSR) confirm the plea agreement's recommendations, his sentencing guidelines range would be 78-to-97 months under the PSR. As for Cruz, his sentencing guidelines range would be 120-to-135 months under the PSR. Nevertheless, the district court advised both Cruz and Garcia Matos the PSR's sentencing range was only a recommendation—the court would need to review the PSR before making a final decision.

Each defendant's PSR designated him as a leader of the drug trafficking organization and recommended a four-level enhancement pursuant to USSG § 3B1.1(a) rather than the two-level

enhancement outlined in § 3B1.1(c). Both Garcia Matos and Cruz objected to the four-level enhancement.

Accepting the PSR's recommendations for Garcia Matos and Cruz, the district court applied a four-level enhancement to each defendant's guidelines calculation for being a leader or organizer of the drug conspiracy. Counsel for both defendants objected to the enhancement, but the court overruled them. The district court determined that Garcia Matos was a leader because he recruited participants, supplied cocaine to co-conspirators, and directed his girlfriend to distribute cocaine and collect drug proceeds owed to him from other co-conspirators. The district court found that Cruz was a leader because he supplied cocaine to multiple co-conspirators, directed Garcia Matos and his mother to deliver drug proceeds, and indicated to Garcia Matos that he had acquired a new supply source for cocaine. The district court assessed Garcia Matos's offense level at 30 and his criminal history category at I, resulting in a sentencing range of 97-to-121 months. The district court sentenced Garcia Matos to a within-guidelines sentence of 121 months. As for Cruz, the district court assessed his offense level at 33 and his criminal history category at I, resulting in a sentencing range of 135-to-168 months. The district court sentenced him to a within-guidelines sentence of 168 months. Garcia Matos and Cruz timely appealed their sentences.

## II.

We review the district court's sentencing for reasonableness, first for procedural error, second for substantive error. *See Gall v. United States*, 552 U.S. 38, 51 (2007). As noted, Cruz challenges his sentence only for procedural reasonableness, while Garcia Matos challenges his

sentence for both procedural and substantive reasonableness.

Procedural reasonableness inquiries include whether the district court properly calculated the guidelines range and treated it as advisory, as well as whether it appropriately considered the 18 U.S.C. § 3553(a) sentencing factors and adequately explained the chosen sentence based on those factors. *United States v. Rayyan*, 885 F.3d 436, 440 (6th Cir. 2018) (citing *Gall*, 552 U.S. at 51). We determine whether a sentence is procedurally reasonable under the abuse-of-discretion standard of review. *Id.* (citations omitted). The district court's "factual findings will stand unless clearly erroneous," and its legal conclusions are reviewed de novo. *Id.*

A district court's finding that the defendant was a leader or organizer carries a four-level increase to the offense level, USSG § 3B1.1(a), which a defendant may challenge for procedural error, s*ee United States v. Washington*, 715 F.3d 975, 983 (6th Cir. 2013). To qualify as a leader or organizer, the defendant "must have exerted control over at least one individual" within the conspiracy. *United States v. Gort-Didonato*, 109 F.3d 318, 321 (6th Cir. 1997). It is not enough to be an essential part of the conspiracy or manage its property. *United States v. Christian*, 804 F.3d 819, 824 (6th Cir. 2015); *United States v. Vandeberg*, 201 F.3d 805, 811–12 (6th Cir. 2000). Rather, courts look to a defendant's receipt of a larger share of profits, recruitment of co-conspirators, planning, special expertise, providing special information to facilitate the crime, or issuing orders. *United States v. Gray*, Nos. 20-3019, 3223, 3393, 2021 WL 4963366, at *5 (6th Cir. Oct. 26, 2021); *see also* USSG § 3B1.1, cmt. n.4. But the court "need not find each factor in order to warrant an enhancement." *United States v. Castilla-Lugo*, 699 F.3d 454, 460 (6th Cir. 2012).

If procedurally reasonable, we evaluate the sentence's substantive reasonableness. "The essence of a substantive-reasonableness claim is whether the length of the sentence is 'greater than

necessary' to achieve the sentencing goals set forth in 18 U.S.C. § 3553(a)." *United States v. Tristan-Madrigal*, 601 F.3d 629, 632–33 (6th Cir. 2010). A within-guidelines sentence is afforded a presumption of reasonableness. *United States v. Vonner*, 516 F.3d 382, 389–90 (6th Cir. 2008) (en banc). Like procedural reasonableness, substantive reasonableness is reviewed for abuse of discretion. *United States v. Wandahsega*, 924 F.3d 868, 886 (6th Cir. 2019) (citing *Gall*, 552 U.S. at 51.) "[B]ecause balancing the § 3553(a) factors 'is a matter of reasoned discretion, not math,' our review here is 'highly deferential.'" *Gray*, 2021 WL 4963366, at *4 (*Rayyan*, 885 F.3d at 442).

## III.

### A. Roberto Cruz

Cruz challenges his sentencing only on one basis—that his designation as a leader or organizer pursuant to USSG § 3B1.1(a) was procedurally unreasonable. Cruz maintains that the record does not contain facts sufficient for such a designation. Rather, he argues that the record reflects that Garcia Matos—not Cruz—controlled and organized the operation. Cruz argues that Garcia Matos controlled the distribution of drugs, stored the money and drugs, and had control over Cruz because Garcia Matos could cut Cruz out of the operation if he wanted. Furthermore, one of the co-conspirators, Keishla Lopez Lebron, stated that "[Cruz] doesn't know how to do anything. . . . [He] only goes by what [Santiago] tells him." R.1, Indictment, PageID.22. Cruz asserts that Lopez Lebron's statement proves he could not be a leader. He also contends that when he instructed his mother to deliver drug proceeds, it was at the direction of another organizer, Santiago. Indeed, according to Cruz, his mother appeared to have knowledge and involvement in the conspiracy outside of him. Finally, Cruz contends that he did not share in any proceeds beyond receiving a flat fee per parcel and he did not control how the drugs were sold or at what price.

Essentially, Cruz argues he played a role in the scheme that justified a two-level enhancement, but not a four-level one.

Cruz's arguments are unpersuasive. First, the district court's finding that Garcia Matos was a leader does not preclude it from concluding that Cruz also was a leader. *See* USSG § 3B1.1, cmt. n.4 ("There can, of course, be more than one person who qualifies as a leader or organizer of a criminal association or conspiracy."). Second, the district court noted, among other things, that Cruz was the direct contact for the supplier, Santiago, and that Cruz had directed co-defendants, including his own mother, to transport cash proceeds across state lines.[1] As for Keishla's statement, the district court considered it and determined that it was her opinion, not a statement of fact or truth. The district court is "most familiar with the facts and is best situated to determine whether someone is or is not a 'leader' of a conspiracy," so we defer to its judgment. *Washington*, 715 F.3d at 983. We cannot say that it clearly erred. *Rayyan*, 885 F.3d at 440.

## B. Hector Garcia Matos

Garcia Matos argues that the district court's sentencing was both procedurally and substantively unreasonable. The district court, Garcia Matos contends, abused its discretion when it sentenced him to 24 months above what he believed was his appropriate sentencing guideline. We address procedural and substantive reasonableness in turn below.

### 1. Procedural Reasonableness

Garcia Matos argues that his sentencing was procedurally unreasonable for two reasons. First, the district court improperly applied a four-level enhancement that substantially increased

---

[1] Cruz also argues that these facts, contained in the PSR, are clearly erroneous. But he did not object to the contents of the PSR, nor did he present evidence to dispute them. Therefore, the district court was entitled to accept the PSR "as a finding of fact." Fed. R. Crim. P. 32(i)(3)(A); *see also United States v. Geerken*, 506 F.3d 461, 467 (6th Cir. 2007).

the sentencing guidelines range to 97-to-121 months. Garcia Matos argues that the district court should have followed the plea agreement's recommendation of a two-level enhancement, which contemplated a sentencing range of 78-to-97 months. Second, the district court imposed a sentence that Garcia Matos contends was unreasonable because it did not consider all the § 3553(a) factors. Specifically, Garcia Matos argues that the district court did not consider his lack of criminal history or his age and its relationship to the "age-crime curve."

We are not persuaded. First, with respect to the four-level enhancement, the district court committed no procedural error. Although the plea agreement stipulated to a two-level enhancement, that stipulation was by its own terms not binding. *See* Fed. R. Crim. P. 11(c)(1)(B) (a plea agreement may specify that the government will recommend a nonbinding sentencing range); *United States v. Davidson*, 409 F.3d 304, 310–12 (6th Cir. 2005). Garcia Matos does not challenge the factual basis of the four-level enhancement; he concedes that he had a leadership role. And the court imposed the four-level enhancement after determining that the facts in the PSR warranted a greater enhancement than that specified in the stipulation. *Cf. United States v. Davis*, 796 F. App'x 886, 890 (6th Cir. 2019). We defer review of the facts to the district court, and there was no clear error here. *See Washington*, 715 F.3d at 982.

Second, to the extent that Garcia Matos argues that the district court did not consider all the § 3553(a) factors, the record belies that assertion. The district court considered Garcia Matos's lack of criminal history, age, and relevant background history. There was no procedural error based on any omission of § 3553(a) factors.

2. Substantive Reasonableness

Because Garcia Matos's sentence is within guidelines, it is afforded a presumption of substantive reasonableness. *See Vonner*, 516 F.3d at 389–90. Garcia Matos argues, however, that

his sentence is substantively unreasonable because the district court gave too little weight to his remorse, acceptance of responsibility, and claims of substance abuse, among other things. But, in its review, the district court considered all those factors, including Garcia Matos's background, noting that he came from a poor environment where he witnessed drugs and violence and that he had limited education. The district court also noted Garcia Matos's claim to substance abuse but gave it little weight based on his earlier contradictory statements. Ultimately, the district court chose to give significant weight to Garcia Matos's leadership role in a conspiracy that involved the transportation and sale of large amounts of drugs across state lines. The district court noted the danger associated with cocaine evinced by the rising death toll and other harms in the area. Because our review of the district court's balancing the § 3553(a) factors is highly deferential, we cannot say that the district court abused its discretion here. *Rayyan*, 885 F.3d at 442.

## IV.

Cruz and Garcia Matos's sentences were reasonable. We therefore AFFIRM.